DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 607-7983
Marshall S. Huebner
Damian S. Schaible
Brian M. Resnick
Michelle M. McGreal

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | |
| | **Chapter 11** |
| **PATRIOT COAL CORPORATION,** *et al.*, | **Case No. 12-[    ] (___)** |
| | **(Jointly Administered)** |
| **Debtors.**[1] | |

**DEBTORS' MOTION FOR AN ORDER ESTABLISHING CERTAIN NOTICE,**
**CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

Patriot Coal Corporation and its subsidiaries that are debtors and debtors in

possession in these proceedings (collectively, the "**Debtors**") respectfully represent:

**Relief Requested**

1.      By this motion (the "**Case Management Motion**"), the Debtors seek

authority, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule

1015(c), to implement certain procedures (the "**Procedures**") in connection with the

administration of these chapter 11 cases.  The Debtors request that, to the extent the

---

[1] The Debtors are the entities listed on Schedule 1 attached hereto.  The employer tax
identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11
petitions.

Procedures conflict with the Bankruptcy Rules or the Local Bankruptcy Rules, the

Procedures govern and supersede such rules for these chapter 11 cases.

2.      As set forth more fully below, the Procedures:  (i) establish requirements

for the filing and service of notices, motions, applications, documents filed in support

thereof and objections and responses thereto, (ii) delineate standards for notices of

hearing and agenda letters, (iii) articulate mandatory guidelines for the scheduling of

hearings and objection deadlines, (iv) limit matters that are required to be heard by the

Court and (v) authorize the Debtors to (a) schedule, in cooperation with the Court,

periodic omnibus hearing dates, (b) serve documents by email on certain parties in

interest, (c) establish a website (the "**Case Information Website**") to provide interested

parties with access to certain documents filed in these chapter 11 cases and (d) use a

noticing agent to maintain and distribute documents.

3.      Implementing the Procedures will maximize the efficiency and orderliness

of the administration of these chapter 11 cases and reduce the costs associated with

traditional case management procedures.  Granting the relief requested will also limit the

administrative burdens and costs associated with preparing for hearings and serving and

mailing documents.  In addition, the Procedures will assist the Debtors and their

personnel and professionals in organizing and prioritizing the numerous tasks attendant to

these cases.  The Debtors estimate that implementing the Procedures will yield significant

savings to these estates and will also avoid unnecessary costs or delays.

### Background and Jurisdiction

4.      On July 9, 2012 (the "**Petition Date**"), each Debtor commenced with this

Court a voluntary case under chapter 11 of title 11 of the United States Code (the

2

"**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Mark N. Schroeder, Patriot Coal Corporation's Senior Vice President and Chief Financial Officer, which is incorporated herein by reference.

7.      The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Filing Court Papers

8.      All motions, applications and other matters requiring notice and/or a hearing (collectively, the "**Motions**"), all objections and responses to Motions (the "**Objections**"), all replies to Objections (the "**Replies**") and all other documents filed with the Court (together with the Motions, the Objections and the Replies, the "**Court Papers**") shall be filed electronically with the Court in accordance with General Order M-399 (available at the Court's website, *www.nysb.uscourts.gov* (the "**Court's Website**")) by registered users of the Court's Electronic Case Files system (the "**ECF**

3

**System**")[2]  All other parties in interest shall file Court Papers on USB flash drive,[3]

preferably in Portable Document Format ("**PDF**") or Microsoft Word format.

### Parties Entitled to Service of Court Papers

9.    Each Court Paper shall be served, in the manner described herein, on

(a) the chambers of the undersigned Judge,[4] (b) proposed counsel to the Debtors, Davis

Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Marshall S.

Huebner and Brian M. Resnick, (c) proposed conflicts counsel to the Debtors, Curtis,

Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178,

Attn: Steven J. Reisman and Michael A. Cohen, (d) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New

York, NY 10004, Attn: Elisabetta G. Gasparini and Paul K. Schwartzberg (the "**U.S.**

**Trustee**"), (e) the attorneys for any official committee of unsecured creditors then

appointed in these cases, (f) the Debtors' proposed authorized claims and noticing agent,

Patriot Coal Corporation, c/o GCG, Inc., P.O. Box 9898, Dublin, OH 43017-5798 and

(g) the attorneys for the administrative agents for the Debtors' proposed postpetition

lenders, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153,

Attn: Marcia Goldstein and Joseph Smolinsky and (ii) Willkie Farr & Gallagher LLP,

787 Seventh Avenue, New York, NY 10019, Attn: Margot B. Schonholtz and Ana

Alfonso (collectively, the "**Core Parties**").

---

[2] A PACER login and password are needed to file documents on the ECF System and can be obtained at *www.pacer.gov*.

[3] Unless the Court prefers a different delivery method.

[4] If desired by chambers.

10.     Each Court Paper shall also be served on (a) each person, entity and governmental agency with a particularized interest in such Court Paper (each, a "**Particularized Interest Party**") and (b) each person and entity that has submitted an ECF Service Exemption Request as set forth herein (the "**Non-ECF Service Parties**"); *provided*, however, that Court Papers filed in adversary proceedings do not need to be served on any Non-ECF Service Party unless such Non-ECF Service Party is otherwise a Particularized Interest Party with respect to such adversary proceeding.

11.     The Debtors shall maintain a service list of all Core Parties and Non-ECF Service Parties (the "**Service List**"), which shall be posted on the Case Information Website and shall include names, addresses and facsimile numbers (but not email addresses) for the Core Parties and the Non-ECF Service Parties.

## Method of Serving Court Papers

12.     Except with respect to (a) Core Parties, (b) Particularized Interest Parties and (c) Non-ECF Service Parties, all parties in interest, whether or not they have filed or file after the date hereof a Notice of Appearance or request for service of papers under Bankruptcy Rule 2002, shall be deemed to receive electronic notice through the ECF System of each Court Paper filed with the Court, effective as of the date such Court Paper is posted on the Court's ECF System and therefore, in accordance with General Order M-399, need not be separately served with such Court Paper.

13.     Core Parties (and no other parties) shall be authorized to serve all Court Papers by email on each other Core Party (except for the Court and the U.S. Trustee), the Non-ECF Service Parties and any relevant Particularized Interest Parties. All other

parties shall serve Court Papers in accordance with judicial order, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

14.     All Court Papers served by a Core Party by email shall include access to an attached file or files containing the entire Court Paper, including the proposed form of order and any exhibits and attachments, in PDF format.  Notwithstanding the foregoing, if a Court Paper cannot be annexed to an email (because of size, technical difficulties or otherwise), the serving party shall, in its sole discretion, either (a) serve the entire Court Paper by U.S. mail, hand delivery, overnight delivery or facsimile, including the proposed form of order and any exhibits, attachments and other relevant materials or (b) email a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System (and, if the Court Paper is being served by the Debtors, on the Case Information Website) and will be mailed only if requested by the party receiving the notice.

15.     Service by email on a party shall be effective as of the date the Court Paper (or a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System or the Case Information Website) is transmitted by email to the address provided by such party.

16.     Upon the filing of any Court Paper, the filing party shall, in accordance with Local Bankruptcy Rule 9078-1, file with the Court either an affidavit of service or a certification of service (each, a "**Proof of Service**") annexing the list of parties that received notice.  A Proof of Service shall indicate whether a party was served by email, but shall not include email addresses.  Proofs of Service need not be served on any party.

6

**ECF Service Exemption Requests**

17.     Any party in interest that does not have and cannot practicably obtain access to the Court's ECF System shall file with the Court a certification to that effect and a request to be exempted from electronic service through the ECF System (an "**ECF Service Exemption Request**"), which certification shall be served by such party in interest by U.S. mail, overnight delivery, hand delivery or facsimile to proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Michelle M. McGreal.

18.     An ECF Service Exemption Request shall include the following information: (a) the party's name and address, (b) the name of the party's client (unless the party is appearing solely on its own behalf), (c) an email address at which the requesting party can be served and (d) an address and facsimile number at which the requesting party may be served by U.S. mail, hand delivery, overnight delivery or facsimile.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no ECF Service Exemption Request filed in these chapter 11 cases shall have any effect unless all of the foregoing requirements are satisfied.

19.     Any individual or entity filing an ECF Service Exemption Request who does not maintain and cannot practicably obtain an email address must include in its ECF Service Exemption Request a certification stating the same.  Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the serving party.

20.     Any individual or entity who files an ECF Service Exemption Request but prefers not to include its email address in the publicly filed ECF Service Exemption

Request shall (a) include in such ECF Service Exemption Request an explanation setting forth the reasons for not including an email address and (b) contemporaneously send a notice providing such individual or entity's email address to proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Michelle M. McGreal.

### Scheduling of Hearings and Deadlines for Filing Court Papers

21.    The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("**Omnibus Hearings**") at which Motions and other requests for relief shall be heard.  On the day before an Omnibus Hearing, the Debtors shall submit to the Court a letter stating each matter to be heard at such hearing, which letter may be updated or amended from time to time thereafter to the extent necessary. The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

22.    The following guidelines shall apply to all Omnibus Hearings:

(a)    Motions shall not be considered by the Court unless filed and served in accordance with these Procedures at least 14 days before the next available Omnibus Hearing.

(b)    Hearings in connection with claims objections and pre-trial conferences and trials related to adversary proceedings may be scheduled for dates other than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

8

(c)        If a Court Paper filed by a non-Debtor purports to set a hearing

date that is inconsistent with the Procedures, the hearing shall be scheduled,

without the necessity of Court order, for the next available Omnibus Hearing in

accordance with these Procedures, and the Debtors shall provide the movant with

notice of these Procedures as soon as reasonably practicable.

(d)        If a movant or applicant other than the Debtors intends to seek

emergency or expedited relief, the movant or applicant shall be required to first

contact the Debtors' attorneys by telephone to request that the motion or

application be considered on an expedited basis.  If the Debtors disagree with the

movant or applicant's request for emergency or expedited relief, the movant or

applicant shall arrange for a chambers conference, telephonic or in-person, to be

held among the Court, the Debtors' attorneys and the movant or applicant, to

discuss the request.  If the Court determines expedited consideration is

appropriate, the Court shall direct the requisite notice and shall set a hearing date

and time.  On the hearing date, the Court shall first consider the propriety of

emergency relief, whether adequate notice has been given and whether there has

been adequate opportunity for parties to be heard.

23.        The deadline to file an Objection (the "**Objection Deadline**") to any

Motion other than a Motion seeking relief from the automatic stay filed by a party other

than the Debtors shall be (a) the earlier of (i) the date that is 10 days after the date such

Motion is filed on the Court's ECF System or (ii) the date that is seven days before the

date of the hearing of such Motion or (b) any date otherwise ordered by the Court.  The

Objection Deadline may be extended with the consent of the movant or applicant.  No

Objection shall be considered timely unless filed with the Court and properly served on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection.

24.    A Motion may be granted without a hearing, *provided* that, after the passage of the Objection Deadline, the attorney for the entity who filed the Motion (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures, (b) if the entity who filed the Motion is not the Debtor, serves the declaration by facsimile upon the proposed counsel to the Debtors, Davis Polk & Wardwell LLP, at (212) 607-7983, Attn: Michelle M. McGreal, at least one day prior to submission thereof to the Court and (c) delivers by U.S. mail, hand or overnight delivery, or, if preferred by the Court, email, a package to the Court, with a copy to Debtors' counsel, including (i) the declaration described in clause (a) above, (ii) a USB flash drive (or, if by email, an attachment) containing, in Microsoft Word format, a form of order granting the relief requested in the applicable Motion, (iii) if submission is not by email, a printed copy of the form of order and (iv) the ECF docket number of the Motion to which the form of order relates (collectively, the "**Presentment Package**"). Upon receiving the Presentment Package, the Court may grant the relief requested in the Motion without further submission, hearing or request.  If the Court does not grant the relief, (x) the Motion shall be heard at the next Omnibus Hearing that is at least six days from the date the Court receives the Presentment Package and (y) the decision not to grant the relief shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the party seeking relief and a party seeking to object.

10

25.    If an Objection is filed, then unless otherwise ordered by the Court, any Reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 p.m. on the date that is two days before the date of the applicable hearing

26.    Unless otherwise ordered by the Court, the Procedures shall not supersede the requirements for notice of the proceedings described in Bankruptcy Rule 2002(a)(1), (a)(4)–a(5) and (a)(7)–(a)(8), Bankruptcy Rule 2002(b), Bankruptcy Rule 2002(d) and Bankruptcy Rule 2002(f).

### Motions for Relief from the Automatic Stay

27.    Notwithstanding anything contained herein, Motions for relief from the automatic stay filed by parties other than the Debtors pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration at an Omnibus Hearing that is at least 21 days after such Motion is filed and served, and the Objection Deadline for such Motion shall be three days before the scheduled hearing.

28.    Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled Motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**Telephonic Appearances**

29.    If a party wishes to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least 48 hours prior to the scheduled hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the Procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by Chambers.  Those participating by phone may not use speakerphones, unless first authorized by the Court.  Persons participating by phone (and especially by speakerphone) must put their phones on "mute" except when they need to be heard.  Persons so participating are not to put their phones on "hold" under any circumstances.

**Form of Court Papers**

30.    Except as set forth below, a "Notice of Motion" shall be affixed to all Motions and shall include the following: (a) the title of the Motion, (b) the parties upon whom any Objection to the Motion is required to be served, (c) the date and time of the applicable Objection Deadline, (d) the date of the Omnibus Hearing at which the Motion shall be considered by the Court and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures.  The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Motion.  A separate "Notice of Motion" shall not be required where the Motion itself contains the information required to be included in the "Notice of Motion."

31.     Notwithstanding section 342(c) of the Bankruptcy Code or Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

32.     Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Paper filed in these cases.  If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Paper, and such instrument contains confidential or proprietary information, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

**Noticing Agent and Case Information Web Site**

33.     The Debtors, in cooperation with GCG, Inc. (the "**Noticing Agent**"), propose to create and maintain an independent Case Information Website for the posting of certain information regarding these chapter 11 cases, including, in the Debtors' sole discretion, certain orders, decisions or other Court Papers filed in these chapter 11 cases. The Court's Website may include a link to the Case Information Website.

13

34.    The Case Information Website shall display a disclaimer substantially

similar to the following:

This website is created and maintained by GCG, Inc. ("GCG"), the claims and noticing agent for Patriot Coal Corporation and certain of its subsidiaries (collectively the "Debtors"). The information contained on this website is provided for informational purposes only and should not be construed as legal, financial or other professional advice or, unless expressly stated, as the Debtors' or GCG's official position on any subject matter. Users of this website should not take or refrain from taking any action based upon content included in the website without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney.

The Debtors and GCG do not guarantee or warrant the accuracy, completeness or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions of the Debtors or GCG, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained on this website. The Debtors and GCG expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or GCG be liable to you or any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or GCG are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the Debtors' chapter 11 cases, which can be accessed through the Court's website at www.nysb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov). The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or GCG in connection with these, or other, matters will not be treated as privileged or confidential. Transmission and receipt of the information in this website and/or

14

communication with the Debtors or Debtors' counsel via email is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and GCG do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and GCG make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity), including GCG (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity, (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"), for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of this website; provided however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission, is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

35.    The Debtors propose to use the Noticing Agent to distribute Court Papers filed in these chapter 11 cases to any requesting party at costs not to exceed those designated by 28 U.S.C. § 1930. The Debtors shall not be charged for this service. Parties seeking to obtain Court Papers from the Noticing Agent may call (877) 600-6531.

### Establishing the Procedures is in the
### Best Interests of the Debtors' Estates

36.    Section 105 of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtors submit that implementing the Procedures is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code.

15

37.     On the date hereof, the Debtors have moved the Court to enter an order pursuant to Bankruptcy Rule 1015(b) ordering joint administration of the Debtors' estates.  Bankruptcy Rule 1015(c) provides, in relevant part, that "[w]hen an order for . . . joint administration of . . . two or more cases is entered pursuant to this rule, while protecting the rights of parties under the Code, the Court may enter orders as may tend to avoid unnecessary costs or delay."

38.     These cases will be complicated.  The Debtors' complex businesses operate in an uncertain economic climate that is constantly in flux.  As a result, the demands on the Debtors and their personnel and professionals are great.  In addition to performing their ordinary duties, the Debtors' personnel now carry the substantial additional burdens imposed by these chapter 11 cases.  The Procedures, by authorizing the Debtors to schedule omnibus hearing dates and by establishing clear timelines for the filing of Court Papers, will assist the Debtors' management and professionals (and, indeed, all parties in interest) in organizing their time and directing the attention of their personnel to issues raised by these chapter 11 cases.

39.     The Debtors anticipate that hundreds of interested parties may request service of Court Papers in these chapter 11 cases.  Consequently, service by email by the Core Parties is the most efficient, cost-effective method for service.  To serve the Debtors' hundreds of creditors with each Motion could easily cost the Debtors tens of thousands of dollars in printing, mailing and service costs.  In comparison, the cost of email service is *de minimis*.  Considering the vast number of Court Papers that are likely to be filed and served in these cases, the process proposed herein will save these estates significant amounts of money.

16

40.     The Debtors also anticipate that various parties may seek relief from the automatic stay and that the Debtors' personnel and professionals will be involved in negotiations with respect to each of these requests.  In light of the magnitude and complexity of these cases, the time period set forth in section 362(e) of the Bankruptcy Code places an undue time constraint on the Debtors' efforts to resolve these issues and, as such, is unduly burdensome to the Debtors' estates.  Accordingly, the Debtors submit that, notwithstanding section 362(e), if a scheduled motion for a request for relief under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

41.     Pursuant to the Procedures, hearings shall be conducted only when necessary to the resolution of disputes between the Debtors and third parties.  This process will reduce the administrative burdens and costs to the estates associated with preparing for and attending hearings, and will minimize the burden on the Court.  The Procedures, by authorizing the Debtors to maintain a Case Information Website and employ the Noticing Agent, will also preserve the Debtors' goodwill by providing a vehicle to keep interested parties, including their customers and employees, informed of the restructuring process by providing easy and affordable access to information.

42.     Similar procedures, including service by email, have been approved in

other complex chapter 11 cases.  *See, e.g.*, *In re Pinnacle Airlines Corp.*, Case No.

12-11343 (REG) (Bankr. S.D.N.Y. Apr. 3, 2012) *In re Hostess Brands, Inc.*, Case No.

12-22052 (RDD) (Bankr. S.D.N.Y. Feb. 21, 2012); *In re Eastman Kodak Co.*, Case No.

12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 15, 2012); *In re AMR Corp.*, Case No. 11-15463

(SHL) (Bankr. S.D.N.Y. Dec. 23, 2011); *In re Mesa Air Group*, Case No. 10-10018

(MG) (Bankr. S.D.N.Y. Jan. 15, 2010); *In re Star Tribune Holdings Corp.*, Case No.

09-10244 (RDD) (Bankr. S.D.N.Y. Jan. 16, 2009); *In re Steve and Barry's Manhattan

LLC*, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008); *In re Frontier Airlines

Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. May 2, 2008); *In re Delta

Air Lines, Inc.*, Case No. 05-17923 (Bankr. S.D.N.Y. Sept. 14, 2005); *In re Adelphia

Commc'ns Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Oct. 18, 2002) (as

amended on March 17, 2003), *In re Worldcom Inc.*, Case No. 02-13533 (AJG) (Bankr.

S.D.N.Y. July 21, 2002) (as amended on Dec. 23, 2002); *In re Enron Corp.*, Case No.

01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 2, 2001); and *In re UAL Corp.*, Case No.

02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002).  The Debtors submit that these

circumstances warrant similar relief.

43.     Finally, the Debtors submit that the Procedures set forth herein will

accomplish the efficient administration of the case and satisfy the requirements of Local

Bankruptcy Rule 1007-2(e).

## **Notice**

44.     No trustee, examiner or creditors' committee has been appointed in these

chapter 11 cases.  The Debtors have served notice of this Motion on (a) the Office of the

United States Trustee for the Southern District of New York, (b) those creditors holding

the five largest secured claims against the Debtors' estates on a consolidated basis,

(c) those creditors holding the 50 largest unsecured claims against the Debtors' estates on

a consolidated basis, (d) attorneys for the administrative agents for the Debtors' proposed

postpetition lenders, (e) the Internal Revenue Service, (f) the Securities and Exchange

Commission, (g) the United States Environmental Protection Agency and (h) the United

States Attorney's Office for the Southern District of New York.

### **No Previous Request**

45.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just and proper.

Dated:   New York, New York
             July 9, 2012


By:    /s/ Damian S. Schaible
       Marshall S. Huebner
       Damian S. Schaible
       Brian M. Resnick
       Michelle M. McGreal

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 607-7983

*Proposed Counsel to the Debtors
and Debtors in Possession*

19

## SCHEDULE 1
(Debtor Entities)

| | | | |
|---|---|---|---|
| 1. | Affinity Mining Company | 51. | KE Ventures, LLC |
| 2. | Apogee Coal Company, LLC | 52. | Little Creek LLC |
| 3. | Appalachia Mine Services, LLC | 53. | Logan Fork Coal Company |
| 4. | Beaver Dam Coal Company, LLC | 54. | Magnum Coal Company LLC |
| 5. | Big Eagle, LLC | 55. | Magnum Coal Sales LLC |
| 6. | Big Eagle Rail, LLC | 56. | Martinka Coal Company, LLC |
| 7. | Black Stallion Coal Company, LLC | 57. | Midland Trail Energy LLC |
| 8. | Black Walnut Coal Company | 58. | Midwest Coal Resources II, LLC |
| 9. | Bluegrass Mine Services, LLC | 59. | Mountain View Coal Company, LLC |
| 10. | Brook Trout Coal, LLC | 60. | New Trout Coal Holdings II, LLC |
| 11. | Catenary Coal Company, LLC | 61. | Newtown Energy, Inc. |
| 12. | Central States Coal Reserves of Kentucky, LLC | 62. | North Page Coal Corp. |
| 13. | Charles Coal Company, LLC | 63. | Ohio County Coal Company, LLC |
| 14. | Cleaton Coal Company | 64. | Panther LLC |
| 15. | Coal Clean LLC | 65. | Patriot Beaver Dam Holdings, LLC |
| 16. | Coal Properties, LLC | 66. | Patriot Coal Company, L.P. |
| 17. | Coal Reserve Holding Limited Liability Company No. 2 | 67. | Patriot Coal Corporation |
| 18. | Colony Bay Coal Company | 68. | Patriot Coal Sales LLC |
| 19. | Cook Mountain Coal Company, LLC | 69. | Patriot Coal Services LLC |
| 20. | Corydon Resources LLC | 70. | Patriot Leasing Company LLC |
| 21. | Coventry Mining Services, LLC | 71. | Patriot Midwest Holdings, LLC |
| 22. | Coyote Coal Company LLC | 72. | Patriot Reserve Holdings, LLC |
| 23. | Cub Branch Coal Company LLC | 73. | Patriot Trading LLC |
| 24. | Dakota LLC | 74. | PCX Enterprises, Inc. |
| 25. | Day LLC | 75. | Pine Ridge Coal Company, LLC |
| 26. | Dixon Mining Company, LLC | 76. | Pond Creek Land Resources, LLC |
| 27. | Dodge Hill Holding JV, LLC | 77. | Pond Fork Processing LLC |
| 28. | Dodge Hill Mining Company, LLC | 78. | Remington Holdings LLC |
| 29. | Dodge Hill of Kentucky, LLC | 79. | Remington II LLC |
| 30. | EACC Camps, Inc. | 80. | Remington LLC |
| 31. | Eastern Associated Coal, LLC | 81. | Rivers Edge Mining, Inc. |
| 32. | Eastern Coal Company, LLC | 82. | Robin Land Company, LLC |
| 33. | Eastern Royalty, LLC | 83. | Sentry Mining, LLC |
| 34. | Emerald Processing, L.L.C. | 84. | Snowberry Land Company |
| 35. | Gateway Eagle Coal Company, LLC | 85. | Speed Mining LLC |
| 36. | Grand Eagle Mining, LLC | 86. | Sterling Smokeless Coal Company, LLC |
| 37. | Heritage Coal Company LLC | 87. | TC Sales Company, LLC |
| 38. | Highland Mining Company, LLC | 88. | The Presidents Energy Company LLC |
| 39. | Hillside Mining Company | 89. | Thunderhill Coal LLC |
| 40. | Hobet Mining, LLC | 90. | Trout Coal Holdings, LLC |
| 41. | Indian Hill Company LLC | 91. | Union County Coal Co., LLC |
| 42. | Infinity Coal Sales, LLC | 92. | Viper LLC |
| 43. | Interior Holdings, LLC | 93. | Weatherby Processing LLC |
| 44. | IO Coal LLC | 94. | Wildcat Energy LLC |
| 45. | Jarrell's Branch Coal Company | 95. | Wildcat, LLC |
| 46. | Jupiter Holdings LLC | 96. | Will Scarlet Properties LLC |
| 47. | Kanawha Eagle Coal, LLC | 97. | Winchester LLC |
| 48. | Kanawha River Ventures I, LLC | 98. | Winifrede Dock Limited Liability Company |
| 49. | Kanawha River Ventures II, LLC | 99. | Yankeetown Dock, LLC |
| 50. | Kanawha River Ventures III, LLC | | |

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PATRIOT COAL CORPORATION,** *et al.*, | **Case No. 12-[    ] (___)** |
| | **(Jointly Administered)** |
| **Debtors.**[1] | |

## ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "**Motion**")[2] of Patriot Coal Corporation and its subsidiaries

that are debtors and debtors in possession in these proceedings (collectively, the

"**Debtors**") for an order authorizing the Debtors to establish certain notice, case

management and administrative procedures, as more fully described in the Motion; and

upon consideration of the Declaration of Mark N. Schroeder, Patriot Coal Corporation's

Senior Vice President and Chief Financial Officer, filed in support of the Debtors' first-

day pleadings; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.) as amended by

Standing Order M-431, dated February 1, 2012 (Preska, C.J.); and consideration of the

Motion and the requested relief being a core proceeding the Bankruptcy Court can

---

[1] The Debtors are the entities listed on Schedule 1 attached to the Motion.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

determine pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates on a consolidated basis, (c) those creditors holding the 50 largest unsecured claims against the Debtors' estates on a consolidated basis, (d) attorneys for the administrative agents for the Debtors' proposed postpetition lenders, (e) the Internal Revenue Service, (f) the Securities and Exchange Commission, (g) the United States Environmental Protection Agency and (h) the United States Attorney's Office for the Southern District of New York; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(c), the relief requested in the Motion is granted as set forth herein.

2.      The Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court.

3.      To the extent the Procedures conflict with the Bankruptcy Rules or the

Local Bankruptcy Rules, the Procedures govern and supersede such rules and shall apply

to these chapter 11 cases.

4.      The Motion and entry of this order (the "**Order**") satisfy the requirements

of Local Bankruptcy Rule 1007-2(e).

## Filing Court Papers

5.      All motions, applications and other matters requiring notice and/or a

hearing (collectively, the "**Motions**"), all objections and responses to Motions (the

"**Objections**"), all replies to Objections (the "**Replies**") and all other documents filed

with the Court (together with the Motions, the Objections and the Replies, the "**Court**

**Papers**") shall be filed electronically with the Court in accordance with General Order

M-399 (available at the Court's website, *www.nysb.uscourts.gov* (the "**Court's**

**Website**")) by registered users of the Court's Electronic Case Files system (the "**ECF**

**System**").[3]  All other parties in interest shall file Court Papers on USB flash drive,

preferably in Portable Document Format ("**PDF**") or Microsoft Word format.

## Parties Entitled to Service of Court Papers

6.      Each Court Paper shall be served, in the manner described herein, on

(a) the chambers of the undersigned Judge, (b) proposed counsel to the Debtors, Davis

Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Marshall S.

Huebner and Brian M. Resnick, (c) proposed conflicts counsel to the Debtors, Curtis,

Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178,

Attn: Steven J. Reisman and Michael A. Cohen, (d) the Office of the United States

---

[3] A PACER login and password are needed to file documents on the ECF System and can be
obtained at *www.pacer.gov*.

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, NY 10004, Attn: Elisabetta G. Gasparini and Paul K. Schwartzberg (the "**U.S. Trustee**"), (e) the attorneys for any official committee of unsecured creditors then appointed in these cases, (f) the Debtors' proposed authorized claims and noticing agent, Patriot Coal Corporation, c/o GCG, Inc., P.O. Box 9898, Dublin, OH 43017-5798 and (g) the attorneys for the administrative agents for the Debtors' proposed postpetition lenders, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia Goldstein and Joseph Smolinsky and (ii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Margot B. Schonholtz and Ana Alfonso (collectively, the "**Core Parties**").

7.       Each Court Paper shall also be served on (a) each person, entity and governmental agency with a particularized interest in such Court Paper (each, a "**Particularized Interest Party**") and (b) each person and entity that has submitted an ECF Service Exemption Request as set forth herein (the "**Non-ECF Service Parties**"); *provided*, however, that Court Papers filed in adversary proceedings do not need to be served on any Non-ECF Service Party unless such Non-ECF Service Party is otherwise a Particularized Interest Party with respect to such adversary proceeding.

8.       The Debtors shall maintain a service list of all Core Parties and Non-ECF Service Parties (the "**Service List**"), which shall be posted on the Case Information Website and shall include names, addresses and facsimile numbers (but not email addresses) for the Core Parties and the Non-ECF Service Parties.

4

## **Method of Serving Court Papers**

9.      Except with respect to (a) Core Parties, (b) Particularized Interest Parties and (c) Non-ECF Service Parties, all parties in interest, whether or not they have filed or file after the date hereof a notice of appearance or request for service of papers under Bankruptcy Rule 2002, shall be deemed to receive electronic notice through the ECF System of each Court Paper filed with the Court, effective as of the date such Court Paper is posted on the Court's ECF System and therefore, in accordance with General Order M-399, need not be separately served with such Court Paper.

10.      Core Parties (and no other parties) shall be authorized to serve all Court Papers by email on each other Core Party (except for the Court and the U.S. Trustee), the Non-ECF Service Parties and any relevant Particularized Interest Parties.  All other parties shall serve Court Papers in accordance with this Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

11.      All Court Papers served by a Core Party by email shall include access to an attached file or files containing the entire Court Paper, including the proposed form of order and any exhibits and attachments, in PDF format.  Notwithstanding the foregoing, if a Court Paper cannot be annexed to an email (because of size, technical difficulties or otherwise), the serving party may, in its sole discretion, (a) serve the entire Court Paper by U.S. mail, hand delivery, overnight delivery or facsimile, including the proposed form of order and any exhibits, attachments and other relevant materials or (b) email a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System (and, if the Court Paper is being served by the Debtors, on the Case Information Website) and will be mailed only if requested by the party receiving the notice.

5

12.     Service by email on a party shall be effective as of the date the Court Paper (or a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System or the Case Information Website) is transmitted by email to the address provided by such party.

13.     Upon the filing of any Court Paper, the filing party shall, in accordance with Local Bankruptcy Rule 9078-1, file with the Court either an affidavit of service or a certification of service (each, a "**Proof of Service**") annexing the list of parties that received notice.  A Proof of Service shall indicate whether a party was served by email, but shall not include email addresses.  Proofs of Service need not be served on any party.

## ECF Service Exemption Requests

14.     Any party in interest that does not have and cannot practicably obtain access to the Court's ECF System shall file with the Court a certification to that effect and a request to be exempted from electronic service through the ECF System (an "**ECF Service Exemption Request**"), which certification shall be served by such party in interest by U.S. mail, overnight delivery, hand delivery or facsimile to proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Michelle M. McGreal.

15.     An ECF Service Exemption Request shall include the following information: (a) the party's name and address, (b) the name of the party's client (unless the party is appearing solely on its own behalf), (c) an email address at which the requesting party can be served and (d) an address and facsimile number at which the requesting party may be served by U.S. mail, hand delivery, overnight delivery or facsimile.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no ECF Service

6

Exemption Request filed in these chapter 11 cases shall have any effect unless all of the foregoing requirements are satisfied.

16.     Any individual or entity filing an ECF Service Exemption Request who does not maintain and cannot practicably obtain an email address must include in its ECF Service Exemption Request a certification stating the same.  Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the serving party.

17.     Any individual or entity who files an ECF Service Exemption Request but prefers not to include its email address in the publicly filed ECF Service Exemption Request shall (a) include in such ECF Service Exemption Request an explanation setting forth the reasons for not including an email address and (b) contemporaneously send a notice providing such individual or entity's email address to proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Michelle M. McGreal.

**Scheduling of Hearings and Deadlines for Filing Court Papers**

18.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("**Omnibus Hearings**") at which Motions and other requests for relief shall be heard.  On the day before an Omnibus Hearing, the Debtors shall submit to the Court a letter setting forth each matter to be heard at such hearing, which letter may be updated or amended from time to time thereafter to the extent necessary.  The matters listed on the agenda letter shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Proofs of Service.

7

19.    Unless otherwise ordered by the court, the following guidelines shall apply to all Omnibus Hearings:

(a)    Motions shall not be considered by the Court unless filed and served in accordance with these Procedures at least 14 days before the next available Omnibus Hearing.

(b)    Hearings in connection with claims objections and pre-trial conferences and trials related to adversary proceedings may be scheduled for dates other than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, except as otherwise ordered by the Court.

(c)    If a Court Paper filed by a non-Debtor purports to set a hearing date that is inconsistent with the Procedures, the hearing shall be scheduled, without the necessity of Court order, for the next available Omnibus Hearing in accordance with these Procedures, and the Debtors shall provide the movant with notice of these Procedures.

(d)    Subject to Local Bankruptcy Rule 9077-1, if a movant or applicant other than the Debtors intends to seek emergency or expedited relief, the movant or applicant shall be required to first contact (i) the Debtors' attorneys and (ii) the attorneys for any official committee of unsecured creditors then appointed in these cases (the "**Creditors' Committee**"), by telephone to request that the motion or application be considered on an expedited basis.  If the Debtors or the Creditors' Committee disagrees with the movant or applicant's request for

8

emergency or expedited relief, the movant or applicant shall arrange for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys and the movant or applicant, to discuss the request.  If the Court determines expedited consideration is appropriate, the Court shall direct the requisite notice and shall set a hearing date and time.  On the hearing date, the Court shall first consider the propriety of emergency relief, whether adequate notice has been given and whether there has been adequate opportunity for parties to be heard.

20.     The deadline to file an Objection (the "**Objection Deadline**") to any Motion other than a Motion seeking relief from the automatic stay filed by a party other than the Debtors shall be (a) the earlier of (i) the date that is 10 days after the date such Motion is filed on the Court's ECF System and (ii) the date that is seven days before the date of the hearing of such Motion or (b) any date otherwise ordered by the Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  No Objection shall be considered timely unless filed with the Court and served on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone and facsimile numbers in the signature block on the last page of the Objection.

21.     A Motion may be granted without a hearing, *provided* that, after the passage of the Objection Deadline, an attorney for the entity who filed the Motion (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Procedures, (b) if the entity who filed the Motion is not the Debtor, serves the declaration by facsimile upon the proposed counsel to the Debtors, Davis Polk & Wardwell LLP, at (212) 607-7983, Attn: Michelle M. McGreal, at

9

least one day prior to submission thereof to the Court and (c) delivers by U.S. mail, or

hand or overnight delivery, or, if preferred by the Court, email, a package to the Court,

with a copy to Debtors' counsel, including (i) the declaration described in clause

(a) above, (ii) a USB flash drive (or, if by email, an attachment) containing, in Microsoft

Word format, a form of order granting the relief requested in the applicable Motion,

(iii) if submission is not by email, a printed copy of the form of order and (iv) the ECF

docket number of the Motion to which the form of order relates (collectively, the

"**Presentment Package**").  Upon receiving the Presentment Package, the Court may

grant the relief requested in the Motion without further submission, hearing or request.  If

the Court does not grant the relief, (x) the Motion shall be heard at the next Omnibus

Hearing that is at least six days from the date the Court receives the Presentment Package

and (y) the decision not to grant the relief shall not constitute an extension of the

Objection Deadline related thereto, unless otherwise agreed between the party seeking

relief and a party seeking to object.

      22.     If an Objection is filed, then unless otherwise ordered by the Court, any

Reply shall be filed with the Court and served in accordance with these Procedures on or

before 12:00 p.m. on the date that is two days before the date of the applicable hearing.

      23.     Unless otherwise ordered by the Court, the Procedures shall not supersede

the requirements for notice of the proceedings described in Bankruptcy Rule 2002(a)(1),

(a)(4)–a(5) and (a)(7)–(a)(8), Bankruptcy Rule 2002(b), Bankruptcy Rule 2002(d) and

Bankruptcy Rule 2002(f).

## Motions for Relief from the Automatic Stay

24.    Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "**Stay Relief Motion**") filed by parties other than the Debtors pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration at an Omnibus Hearing that is at least 21 days after such Motion is filed and served, and the Objection Deadline for such Motion shall be three days before the scheduled hearing.

25.    Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled Motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## Form of Court Papers

26.    Except as set forth below, a "Notice of Motion" shall be affixed to all Motions and shall include the following: (a) the title of the Motion, (b) the parties upon whom any Objection to the Motion is required to be served, (c) the date and time of the applicable Objection Deadline, (d) the date of the Omnibus Hearing at which the Motion shall be considered by the Court and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Procedures.  The applicable Objection Deadline and hearing date shall also appear

11

in the upper right corner of the first page of the Notice of Motion. A separate "Notice of Motion" shall not be required where the Motion itself contains the information required to be included in the "Notice of Motion."

27.     Notwithstanding section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), notices given by the Debtors shall not be required to contain the address and taxpayer identification numbers of the Debtors.

28.     Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Court Paper filed in these cases. If the Debtors seek approval of or authorization from the Court to assume, reject, enter into, approve, honor or assign any agreement, including contracts, leases, financing agreements, settlement agreements, consent orders and any other arrangement or instrument of any kind, or if the Debtors are otherwise required to refer to the terms or provisions of any such instrument in a Court Paper, and such instrument contains confidential or proprietary information, the Debtors need not file such instrument with the Court unless requested to do so by the Court or a party in interest, and the Debtors shall be entitled at the time of such request, and before filing such instruments, to seek relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 with respect to such instrument.

**Telephonic Appearances**

29.     If a party wishes to participate in a hearing by telephone, such party must request permission from Chambers and notify attorneys for the Debtors at least 48 hours

12

prior to the scheduled hearing.  If Chambers permits telephonic participation, the party

participating telephonically must arrange such telephonic participation with Court Call,

adhering to the Procedures for telephonic participation applicable in the United States

Bankruptcy Court for the Southern District of New York, as well as those required by

Chambers.  Those participating by phone may not use speakerphones, unless first

authorized by the Court.  Persons participating by phone (and especially by

speakerphone) must put their phones on "mute" except when they need to be heard.

Persons so participating are not to put their phones on "hold" under any circumstances.

### Noticing Agent and Case Information Web Site

30.    The Debtors, in cooperation with GCG, Inc. (the "**Noticing Agent**"), are

hereby authorized to create and maintain an independent Case Information Website for

the posting of certain information regarding these chapter 11 cases, including, in the

Debtors' sole discretion, certain orders, decisions or other Court Papers filed in these

chapter 11 cases.  The Court's Website may include a link to the Case Information

Website.

31.    The Case Information Website shall display a disclaimer substantially

similar to the following:

> This website is created and maintained by GCG, Inc. ("GCG"), the claims
> and noticing agent for Patriot Coal Corporation and certain of its
> subsidiaries (collectively the "Debtors"). The information contained on
> this website is provided for informational purposes only and should not be
> construed as legal, financial or other professional advice or, unless
> expressly stated, as the Debtors' or GCG's official position on any subject
> matter. Users of this website should not take or refrain from taking any
> action based upon content included in the website without seeking legal
> counsel on the particular facts and circumstances at issue from a licensed
> attorney.

13

The Debtors and GCG do not guarantee or warrant the accuracy, completeness or currency of the information that is provided herein, and shall not be liable to you for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions of the Debtors or GCG, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained on this website. The Debtors and GCG expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify you or any third party, should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or GCG be liable to you or any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or GCG are advised of the possibility of such damages. This website should not be relied on as a substitute for financial, legal or other professional advice.

It is your sole obligation to maintain accurate records of the documents filed in the chapter 11 cases, based on the Court's dockets relating to the Debtors' chapter 11 cases, which can be accessed through the Court's website at www.nysb.uscourts.gov (a PACER login and password are needed to view these documents and can be obtained at http://pacer.psc.uscourts.gov). The Debtors' website is being made available merely as a convenience to interested parties and the public.

Electronic mail or other communications through this website, or otherwise, to the Debtors, their counsel, or GCG in connection with these, or other, matters will not be treated as privileged or confidential. Transmission and receipt of the information in this website and/or communication with the Debtors or Debtors' counsel via email is not intended to solicit or create, and does not create, an attorney-client relationship between Debtors' counsel and any person or entity. The Debtors and GCG do not endorse or warrant, and are not responsible for, any third-party content that may be accessed from this website.

The Debtors and GCG make no claim to original U.S. Government works. None of the Debtors, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity), including GCG (collectively, the "Exculpated Parties"), shall have or incur any liability to any entity, (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"), for any act taken or omitted to be taken in connection with the preparation, dissemination or implementation of this website; provided however, that the foregoing shall not affect the liability of any Exculpated

14

Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission, is determined in a final, non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidential agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

32.     The Debtors are authorized to use the Noticing Agent to distribute Court Papers filed in these chapter 11 cases to any requesting party at costs not to exceed those designated by 28 U.S.C. § 1930.  The Debtors shall not be charged for this service. Parties seeking to obtain Court Papers from the Noticing Agent may call (877) 600-6531.

**Amendments and Notice of Order**

33.     The Debtors may amend the Procedures occasionally throughout these chapter 11 cases and shall present such amendments to the Court by Motion in accordance with this Order.

34.     The Debtors shall make this Order available on the Case Information Website  and, within three days after its entry, serve it by U.S. mail, hand delivery, facsimile or email on the Core Parties and all parties that, prior to the date of the entry of this Order, have requested notice pursuant to Bankruptcy Rule 2002.

**Time**

35.     Any time period prescribed or allowed by these Procedures shall be computed in accordance with Bankruptcy Rule 9006.

15

36.     Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

Dated: New York, New York

_____, 2012

_____
UNITED STATES BANKRUPTCY JUDGE

16