Hearing Date & Time: October 11, 2012  at 10:00 a.m. Eastern Standard Time
Response Deadline: October 4, 2012  at 4:00 p.m. Eastern Standard Time

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Adam C. Rogoff
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of*
*Unsecured Creditors of Patriot Coal Corporation, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                              :       Chapter 11
                                                    :
PATRIOT COAL CORPORATION, *et al.,*                 :       Case No. 12-12900 (SCC)
                                                    :
                                                    :
                            Debtors.                :       Jointly Administered
---------------------------------------------------------- x

**NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PATRIOT COAL CORPORATION
*ET AL*. PURSUANT TO FED. R. BANKR. P. 2014(a) FOR AN ORDER UNDER
SECTIONS 328 & 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE
EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY CAPITAL, INC.
AS ADVISOR, *NUNC PRO TUNC* TO JULY 24, 2012**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On September 27, 2012 the Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession filed the attached Application of the Official Committee of Unsecured Creditors of Patriot Coal Corporation *et al*. Pursuant to Fed. R. Bankr. P. 2014(a) for an Order Under Sections 328 & 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Houlihan Lokey Capital, Inc. as Advisor, *Nunc Pro Tunc* to July 24, 2012 (the "**Application**").

2.      A hearing (the "**Hearing**") to consider the Application shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004, on **October 11, 2012 at 10:00 a.m.** (prevailing Eastern time).

3.      Any objections to the Application must be made in writing, filed with the Court (with a copy to Chambers) and served in accordance with the Order Establishing Certain Notice, Case Management and Administrative Procedures entered on July 16, 2012 [Docket No. 84] (the

"**Case Management Order**"), so as to be received no later than **October 4, 2012 at 4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

4.    If no objections to the entry of the Application are timely filed and served on or before the Objection Deadline, the Committee may submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Application as **Exhibit C** (the "**Proposed Order**").

5.    A Copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.patriotcaseinformation.com.

Dated:    September 27, 2012
          New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

 /s/ Adam C. Rogoff
Thomas Moers Mayer
Adam C. Rogoff
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of*
*Unsecured Creditors of Patriot Coal Corporation,*
*et al.*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Thomas Moers Mayer
Adam C. Rogoff
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of*
*Unsecured Creditors of Patriot Coal Corporation, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PATRIOT COAL CORPORATION, *et al.*, | : | Case No. 12-12900 (SCC) |
| | : | |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------- x

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PATRIOT COAL CORPORATION *ET AL.* PURSUANT TO FED. R. BANKR. P. 2014(a) FOR AN ORDER UNDER SECTIONS 328(a) & 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS ADVISOR, *NUNC PRO TUNC* TO JULY 24, 2012

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-

captioned debtors and debtors in possession (collectively, the "**Debtors**")[1] hereby makes this

---

1 In addition to Patriot Coal Corporation, the Debtors are as follows: (1) Affinity Mining Company; (2) Apogee Coal Company, LLC; (3) Appalachia Mine Services, LLC; (4) Beaver Dam Coal Company, LLC; (5) Big Eagle, LLC; (6) Big Eagle Rail, LLC; (7)  Black Stallion Coal Company, LLC; (8) Black Walnut Coal Company; (9) Bluegrass Mine Services, LLC; (10) Brook Trout Coal, LLC; (11) Catenary Coal Company, LLC; (12) Central States Coal Reserves of Kentucky, LLC; (13) Charles Coal Company, LLC; (14) Cleaton Coal Company; (15) Coal Clean LLC; (16) Coal Properties, LLC; (17) Coal Reserve Holding Limited Liability Company No. 2; (18) Colony Bay Coal Company; (19) Cook Mountain Coal Company, LLC; (20) Corydon Resources LLC; (21) Coventry Mining Services, LLC; (22) Coyote Coal Company LLC; (23) Cub Branch Coal Company LLC; (24) Dakota LLC; (25) Day LLC; (26) Dixon Mining Company, LLC; (27) Dodge Hill Holding JV, LLC; (28) Dodge Hill Mining Company, LLC; (29) Dodge Hill of Kentucky, LLC; (30) EACC Camps, Inc.; (31) Eastern Associated Coal, LLC; (32) Eastern Coal Company, LLC; (33) Eastern Royalty, LLC; (34) Emerald Processing, LLC; (35) Gateway Eagle Coal Company, LLC; (36) Grand Eagle Mining, LLC; (37) Heritage Coal Company LLC; (38) Highland Mining Company, LLC; (39) Hillside Mining Company; (40) Hobet Mining, LLC; (41) Indian Hill Company LLC; (42)

application (the "**Application**") for entry of an order pursuant to sections 328(a) and 1103 of

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014 and 2016

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**"), and rules 2014-1 and

2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

**Rules**"), authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("**Houlihan**

**Lokey**") to provide investment banking and financial advisory services in its capacity as Advisor

(the "Advisor") to the Committee in connection with the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), *nunc pro tunc* to July 24, 2012.  In support of this Application, the

Committee submits the Declaration of Matthew Mazzucchi (the "**Mazzucchi Declaration**"),

attached hereto as **Exhibit D**.  In further support of this Application, the Committee respectfully

represents as follows:

**BACKGROUND**

1.      On July 9, 2012, the Debtors filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code.  The Debtors Chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

---

Infinity Coal Sales, LLC; (43)  Interior Holdings, LLC; (44) IO Coal LLC; (45) Jarrell's Branch Coal Company;
(46) Jupiter Holdings LLC; (47) Kanawha Eagle Coal, LLC; (48) Kanawha River Ventures I, LLC; (49) Kanawha
River Ventures II, LLC; (50) Kanawha River Ventures III, LLC; (51) KE Ventures, LLC; (52) Little Creek LLC;
(53) Logan Fork Coal Company; (54) Magnum Coal Company LLC; (55) Magnum Coal Sales LLC; (56) Martinka
Coal Company, LLC; (57) Midland Trail Energy LLC; (58) Midwest Coal Resources II, LLC; (59) Mountain View
Coal Company, LLC; (60) New Trout Coal Holdings II, LLC; (61) Newtown Energy, Inc. (62) North Page Coal
Corp.; (63) Ohio County Coal Company, LLC; (64) Panther LLC; (65) Patriot Beaver Dam Holdings, LLC; (66)
Patriot Coal Company, LP; (67) Patriot Coal Sales LLC; (68) Patriot Coal Services LLC; (69) Patriot Leasing
Company LLC; (70) Patriot Midwest Holdings, LLC; (71) Patriot Reserve Holdings, LLC; (72) Patriot Trading
LLC; (73) PCX Enterprises, Inc.; (74) Pine Ridge Coal Company, LLC; (75) Pond Creek Land Resources, LLC;
(76) Pond Fork Processing LLC; (77) Remington Holdings LLC; (78) Remington II LLC; (79) Remington LLC;
(80) Rivers Edge Mining, Inc.; (81) Robin Land Company, LLC; (82) Sentry Mining, LLC; (83) Snowberry Land
Company; (84) Speed Mining LLC; (85) Sterling Smokeless Coal Company, LLC; (86) TC Sales Company, LLC;
(87) The Presidents Energy Company LLC; (88) Thunderhill Coal LLC; (89) Trout Coal Holdings, LLC; (90) Union
County Coal Co., LLC; (91) Viper LLC; (92) Weatherby Processing LLC; (93) Wildcat Energy LLC; (94) Wildcat,
LLC; (95) Will Scarlet Properties LLC; (96) Winchester LLC; (97) Winifrede Dock Limited Liability Company;
and (98) Yankeetown Dock, LLC.  The employer tax identification numbers and addresses for each of the Debtors

2

1015(b).  The Debtors are operating their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On July 18, 2012, the United States Trustee for Region 2 (the "**U.S. Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The members of the Committee are: (i) Wilmington Trust Company; (ii) U.S. Bank National Association; (iii) the United Mine Workers of America; (iv) the United Mine Workers of America 1974 Pension Plan and Trust; (v) Gulf Coast Capital Partners, LLC; (vi) Cecil Walker Machinery; and (vii) American Electric Power.

3.     At a meeting of the Committee held on July 24, 2012, the Committee interviewed several potential advisors and, after due deliberation and a vote, decided to retain (i) Houlihan Lokey as its Advisor and (ii) Mesirow Financial Consulting LLC ("**Mesirow**") as its accounting advisor for specific projects.  Prior to filing this Application, substantial efforts were undertaken by the Committee to carefully delineate and allocate (the "**Allocation**") the respective services to be provided by each of Houlihan Lokey and Mesirow to avoid overlap, duplication of services and most importantly, ensure that advice and guidance deemed necessary and appropriate by the Committee in furtherance of its duties is provided in a timely and cost effective manner.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these Chapter 11 Cases is proper in this district pursuant to 28 U.S.C. § 1408.  The statutory predicate

---

are set forth in the Debtors' chapter 11 petitions.

for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1.

## RELIEF REQUESTED

5.      By this Application, the Committee seeks to employ and retain Houlihan Lokey pursuant to Bankruptcy Code sections 328(a) and 1103(a) to perform advisory services for the Committee in these Chapter 11 Cases, *nunc pro tunc* to July 24, 2012 (the "**Effective Date**").  Subject to the Court's approval, the engagement letter between the Committee and Houlihan Lokey (the "**Engagement Letter**") attached hereto as **Exhibit A** sets forth the terms and conditions which shall govern the Committee's retention of Houlihan Lokey except as explicitly set forth herein or in any order granting this Application.

## SCOPE OF SERVICES TO BE RENDERED

6.      The Debtors are a large and complex enterprise and the Committee requires an experienced Advisor to navigate and advise the Committee to ensure that the Debtors' restructuring is in the best interests of creditors.  Houlihan Lokey will provide such advisory services to the Committee as they deem appropriate and feasible in order to advise the Committee during the course of these Chapter 11 Cases as detailed in the Engagement Letter and consistent with the Allocation (a copy of which is attached hereto as **Exhibit B**).  Any additional services and fees that fall outside of the scope of the Engagement Letter will be subject to prior Court approval.

## BASIS FOR RELIEF

7.      It is necessary and essential that the Committee, as a fiduciary for all general unsecured claim holders, employ an Advisor to render the foregoing services.  The

4

Committee selected Houlihan Lokey as its Advisor because of the firm's experience in restructurings and reorganizations.

8.     Given the complexity of the Debtors' cases and their financial structure and operations, the Committee needs assistance collecting and analyzing financial and other information in relation to the Chapter 11 Cases.  Its selection of Houlihan Lokey as its Advisor, and Mesirow as accounting advisor, was in furtherance of this function with each performing specific tasks within their expertise without overlap or duplication.  The services of Houlihan Lokey are deemed necessary to enable the Committee to adequately assess and participate in meaningful negotiations regarding the potential restructuring alternatives and otherwise abide by its fiduciary duty in these Chapter 11 cases.  Moreover, Houlihan Lokey has considerable experience with rendering such services, representing official committees in Lehman Brothers Holdings Inc., Enron Corp., WorldCom, Inc., Delta Airlines, Inc., General Growth Properties, Capmark, and representing debtors in Mark IV Industries, Buffets Holdings, Inc., Bally Total Fitness Holding Corp., XO Communications, Inc., Six Flags, Inc., Granite Broadcasting Corp., and MS Resorts.  Houlihan Lokey also advised the bondholders in the CIT Group, Inc. Chapter 11 as well as the second lien debt holder and plan sponsor in the Chapter 11 case of General Maritime, Inc.  Further, Houlihan Lokey is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner that will not be duplicative of or overlap with the efforts of Mesirow or any other financial professionals retained by the Committee.

### No Duplication of Services

9.     The Committee intends to retain Houlihan Lokey as its Advisor in these cases.  While Houlihan Lokey will be serving as the Advisor, Mersirow has specialized accounting expertise that the Committee believes would be beneficial to utilize in the

Committee's exercise of its fiduciary duties to all creditors.  At the request of the Committee, Houlihan Lokey and Mesirow have met and conferred about an efficient division of projects and responsibilities.  Thereafter, the Committee reviewed the proposed allocation and after further refinements, has approved such allocation.

10.     Using existing precedent in this District where dual advisors have been retained to assist officials committees (See, e.g., In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. 2012); In re AMR Corporation, et al., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. 2012); In re Arcapita Bank B.S.C.(c), et al., Case No. 12-11076 (SHL) (Bankr. S.D.N.Y. 2012); In re Eastman Kodak Co., et al., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. 2012)), the Committee has developed the Allocation of responsibilities between Mesirow and Houlihan set forth in the Allocation found at **Exhibit B**.  The Allocation reflects the fundamentally different roles of the proposed advisors and the nature of their expertise: Houlihan Lokey will be acting as the Committee's strategic Advisor concerning a diverse variety of matters that the Committee will need to consider in the exercise of its fiduciary duties. Mesirow, on the other hand, will have very specific tasks intended to supplement the services being provided by Houlihan Lokey because the Committee felt that Mesirow's expertise as an accounting advisor would be beneficial.  Each of Houlihan Lokey and Mesirow will have different roles on behalf of the Committee – one, as a broader strategic advisor (Houlihan Lokey), and the other providing discrete accounting analysis (Mesirow).  While certain of the general topics may appear to overlap (e.g., employee/retiree matters), the actual roles performed will not.  For example, on employee/retiree issues, Mesirow will be providing actuarial and related assistance to evaluate potential OPEB and multiemployer claims, whereas Houlihan

Lokey will be providing strategic advice to assist the Committee in evaluating any proposals developed by the Debtors under section 1113 and/or 1114 of the Bankruptcy Code.

11.    The Allocation of services to be provided by Houlihan Lokey and Mesirow will be supervised by the Committee.  While the Committee cannot predict the progress or the issues that may arise in these complex Chapter 11 Cases, the Committee believes that with the well-defined roles for Houlihan Lokey and Mesirow, there is an efficient and cost-effective division of labor and use of resources which will not create any additional burden on the Debtors and their professionals as compared with a single advisor.  Similarly, all of the Committee's professionals will function cohesively to ensure that services provided to the Committee by each firm are not duplicative.

12.    The Committee's intention in hiring both an Advisor, and an accounting advisor is to efficiently and cost-effectively meet its obligations to protect the interests of and maximize value for all unsecured creditors.  To facilitate this goal, the Committee negotiated a reduction in both the monthly and deferred fee of Houlihan Lokey, while creating a limited and discrete role for Mesirow at a reasonable hourly rate.  The Committee believes that the Allocation represents an efficient division of labor and use of resources.

### PROFESSIONAL COMPENSATION

13.    Houlihan Lokey's commitment to serving as the Committee's Advisor in these Chapter 11 Cases is subject to its retention pursuant to section 328(a), not section 330 of the Bankruptcy Code.[2]  In accordance with the terms of the Engagement Letter, the Bankruptcy

---

[2] As detailed in the proposed form of Order, Houlihan Lokey's retention would be subject solely to section 330 review by the Office of the United States Trustee on terms specified therein and *sua sponte* review of the Court which is consistent with precedent in this District.

Rules, corresponding local rules, orders of this Court and guidelines established by the U. S.

Trustee. Houlihan Lokey seeks to be paid the following fees:

(i) *Monthly Fees*: Houlihan Lokey shall be paid in advance a nonrefundable monthly cash fee of $150,000 ("**Monthly Fee**"). The first payment shall be made upon approval of the Engagement Letter by the Bankruptcy Court and shall be in respect of the period from the Effective Date through the month in which payment is made. Thereafter, payment of the Monthly Fee shall be made on each monthly anniversary of the Effective Date during the term of the Agreement. Notwithstanding the foregoing, Houlihan Lokey shall be paid, during the pendency of these Chapter 11 Cases, only upon appropriate application in accordance with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules and orders, and any interim compensation procedures order entered in these Chapter 11 Cases

(ii) *Deferred Fee*: In addition to the other fees provided for herein the Company shall pay Houlihan Lokey a cash fee equal to $2,500,000 (the "**Deferred Fee**"). The Deferred Fee shall be earned upon confirmation of any Chapter 11 plan of reorganization or liquidation with respect to the Debtors ("**Plan**") and paid on the effective date of the Plan.

14. Houlihan Lokey currently does not contemplate utilizing independent contractors or sub-contractors in performing its role in these Chapter 11 Cases. To the extent that the circumstances change to warrant the use of sub-contractors or independent contractors, Houlihan Lokey will file a supplemental notice, as soon as reasonably practicable without disclosing any privileged or otherwise confidential information or strategy, indicating such use and the nature of the services.

15. Houlihan Lokey will also seek reimbursement for necessary expenses incurred, which shall include, but not limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

16. Houlihan Lokey intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Guidelines[3], and any applicable order of this Court. The Committee

---

[3] The Fee Guidelines are comprised of the Order Establishing Procedures for Monthly Compensation and

negotiated Houlihan Lokey's fees in these cases with the expectation of retaining Mesirow for limited projects and, as such, obtains what it believes to have been a favorable fee structure compared to the potential costs of engaging Houlihan Lokey as the Committee's sole advisor.

### INDEMNIFICATION

17.    By this Application, the Committee requests that the Debtors and their estates agree to indemnify Houlihan Lokey upon the terms set forth in the section entitled "Indemnification and Standard of Care" (the "**Indemnification Provision**") of the attached Engagement Letter.  The Committee believes that the Indemnification Provision is customary and reasonable for Advisors, both out-of-court and in chapter 11 proceedings.

### DISINTERESTEDNESS OF PROFESSIONALS

18.    Houlihan Lokey has reviewed its computer databases' report of its client relationships for all entities listed on Schedule 1 of the Mazzucchi Declaration, and to the best of the Committee's knowledge and except to the extent disclosed herein and in more detail in the Mazzucchi Declaration, Houlihan Lokey (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, (b) does not hold or represent an interest adverse the Debtors' estate with respect to the matter on which it is to be employed and (c) has no connection to the Debtors, their creditors, or their related parties.  To the extent that Houlihan Lokey discovers any new relevant facts or relationships bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

---

Reimbursement of Expenses of Professionals, dated August 2, 2012 [Docket No. 262], the Standing Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals [M-412] (Dec. 21, 2010), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases [M-389] (Nov. 25, 2009), and the U.S. Trustee Guidelines.

19.     The Committee is informed that Houlihan Lokey will not share with any person or firm any compensation to be paid by the Debtors in connection with services rendered in connection with these cases.

20.     Houlihan Lokey is not owed any amounts with respect to prepetition fees and expenses.

### MAINTENANCE OF TIME RECORDS

21.     Houlihan Lokey requests, pursuant to section 328(a) of the Bankruptcy Code, payment of its fees on a monthly and fixed-rate basis, which is customary in the investment banking industry.  It is not the general practice of investment banking firms, including Houlihan Lokey, to keep detailed time records similar to those customarily kept by attorneys.  Accordingly, if the Court grants the Application, Houlihan Lokey will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Standing Order Establishing Procedures For Monthly Compensation and Reimbursement of Expenses of Professionals  [M-412] (Dec. 21, 2010), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases [M-389] (Nov. 25, 2009), and the U.S. Trustee Guidelines (collectively, the "**Fee Guidelines**") and any applicable orders of this Court.  In lieu of submission by Houlihan Lokey of detailed billing statements that report time in one-tenth of an hour increments, Houlihan Lokey will submit time records during the course of these Chapter 11 Cases in a summary format that sets forth a description of the services rendered by each of the Houlihan Lokey's restructuring professionals and the amount of time spent, in one-half hour increments, on each date by such professional rendering services on

behalf of the Debtors.   Additionally, Houlihan Lokey will make reasonable efforts to assign appropriate project categories set forth in the United States Trustee Guidelines to each time entry.

22.    Houlihan Lokey will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services to the extent that they can be documented.   Houlihan Lokey's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter.   Except as necessary to comply with an applicable order, all such expense billings are in accordance with the Advisor's customary practices.

## NOTICE

23.    In accordance with the Order Establishing Certain Notice, Case Management and Administrative Procedures (as it may be amended form time to time, the "**Case Management Order**") [Docket No. 84] entered in these Chapter 11 Cases, notice of this Application has been given to all parties listed on the Service List (as defined in the Case Management Order).   Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of relief requested in the Application need be provided.

## NO PRIOR REQUEST

24.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in form attached as **Exhibit C** hereto, authorizing (i) the Committee's retention of

11

Houlihan Lokey as its Advisor effective as of July 24, 2012, (ii) the payment and reimbursement of Houlihan Lokey's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 328(a), section 330 review by the Office of the United States Trustee on terms specified in the Order and *sua sponte* review of the Court, and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: New York, New York
       September 27, 2012

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PATRIOT COAL CORPORATION <u>et al</u>.**

By: /s/ Steven Cimalore
    Steven Cimalore, on behalf of *Wilmington Trust Company*
    Chairperson of the Official Committee of Unsecured Creditors
    of Patriot Coal Corporation, *et al*.

Filed by:
Dated: New York, New York
       September 27, 2012

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Adam C. Rogoff
Thomas Moers Mayer
Adam C. Rogoff
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors of
Patriot Coal Corporation, et al.*

13

# EXHIBIT A

## ENGAGEMENT LETTER



# HOULIHAN LOKEY

<u>***Personal and Confidential***</u>

As of July 24, 2012

The Official Committee (the "Committee") of Unsecured Creditors
of Patriot Coal Corporation
and its affiliated debtors and debtors-in-possession
(the "Debtors") in care of the Chair of the Committee

Wilmington Trust Company
1100 North Market Street
Wilmington, DE  19840
Attn: Steven Cimalore, Vice President

Dear Ladies and Gentlemen:

This letter agreement (this "Agreement") confirms the terms under which the Committee has engaged Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), effective as of the date indicated above (the "Effective Date"), to provide investment banking services to the Committee in connection with the Debtors' Chapter 11 cases (the "Cases"), which are pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1.  **<u>Services.</u>**  Pursuant to its engagement by the Committee, Houlihan Lokey's services will consist of, if appropriate and if requested by the Committee:

a)  Analyzing and negotiating debtor in possession financing and first and second day motions;

b)  Analyzing financial reporting, business and operating plans and forecasts of the Debtors and any improvements thereto;

c)  Evaluating the assets and liabilities of the Debtors including assisting in collateral analysis and Committee lien investigations;

d)  Assessing the financial issues and options concerning (i) the sale of the Debtors, either in whole or in part, and (ii) the Debtors' chapter 11 plan(s) of reorganization or liquidation or any other chapter 11 plan(s);

e)  Providing valuation and debt capacity analysis and assisting in the determination of an appropriate capital structure for the Debtors;

f)  Analyzing strategic and restructuring alternatives available to the Debtors;

g)  Assisting in the review of claims, executory contracts, legacy liabilities, causes of action, avoidance actions and with the settlement or litigation with respect thereto;

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 2

h)   Assisting the Committee with the assessment of management and current or potential future members of the Board of Directors;

i)   Representing the Committee in negotiations with the Debtors and third parties with respect to any of the foregoing; and

j)   Providing testimony in court on behalf of the Committee with respect to any of the foregoing, if necessary.

Houlihan Lokey understands that the Committee determined to retain Mesirow Financial Consulting, LLC ("Mesirow") to provide additional financial advisory services. Houlihan Lokey will serve as the investment banker for the Committee but will work in coordination with Mesirow. The allocation of services to be provided by Houlihan Lokey and Mesirow will be coordinated by the Committee and will be subject to the Committee's approval. Houlihan and Mesirow will work cooperatively while avoiding duplication of services rendered to the Committee. Notwithstanding the foregoing, each of Houlihan Lokey and Mesirow will act as separate independent contractors, and each is being separately retained solely to assist the Committee. Houlihan Lokey shall be entitled to the rights set forth in this Agreement, and shall not be liable for, or limited by, any of Mesirow's actions or omissions, or obligations or duties to the Committee. Nothing contained in this Agreement, and no action taken by Houlihan Lokey with respect to the Committee, Committee Counsel (as defined below), or the Debtors, shall be deemed to constitute Houlihan Lokey and Mesirow as a partnership, an association, a joint venture or any other entity. Any separate agreement between Houlihan Lokey and Mesirow regarding any allocation of fees, responsibilities and the like shall not in any manner limit or contradict the foregoing statement.

2.   **Committee Engagement.**   Neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to, counsel to the Committee ("Committee Counsel")), shall be liable for the fees, expenses or other amounts payable to Houlihan Lokey hereunder. Houlihan Lokey is providing its services as the investment banker to the Committee, and is not providing any services on behalf of the individual members of the Committee. To the extent any issue arises as to the scope, nature or substance of Houlihan Lokey's analysis, Houlihan Lokey and the Committee, with the advice of Committee Counsel, shall in good faith work to mutually resolve such issue. At the direction of Committee Counsel, certain communications and correspondence from Houlihan Lokey, and work product and analyses prepared by Houlihan Lokey for the Committee in connection with this matter, will be considered in preparation for litigation over the restructuring of the Debtors and, accordingly, will be subject to the attorney-client privilege and work-product doctrine.

3.   **Fees and Expenses.**   In consideration of Houlihan Lokey's acceptance of this engagement, the Debtors shall pay the following:

(iii) *Monthly Fees*:  Houlihan Lokey shall be paid a nonrefundable monthly cash fee of $150,000.00 ("Monthly Fee") with the first payment payable upon the approval of this Agreement by the Bankruptcy Court and shall be in respect of the period as from the Effective Date through the month in which payment is made. Thereafter, payment of the Monthly Fee shall be made on every monthly anniversary of the Effective Date during the term of this Agreement. Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein; and

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 3

      (iv) *Deferred Fee*:  In addition to the other fees provided for herein, the Debtors shall pay Houlihan Lokey a fee (the "Deferred Fee") to be paid in cash in the amount of $2,500,000.00.  The Deferred Fee shall be earned upon the confirmation of a Chapter 11 plan of reorganization or liquidation with respect to the Debtors (an "Approved Plan"), and shall be paid on the effective date of such Approved Plan.

4.      **Term and Termination.**  In the event that (a) the Committee's application for employment of Houlihan Lokey under Sections 328(a) and 1103 of Title 11, United States Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") is not granted by the Bankruptcy Court or (b) the form of the order entered by the Bankruptcy Court granting such employment application is not acceptable to Houlihan Lokey in its sole, but reasonable, discretion, this Agreement shall terminate immediately.  Otherwise, this Agreement may be terminated at any time by either Houlihan Lokey or the Committee upon thirty days prior written notice to the other party.  Except as provided in the following paragraph, the expiration or termination of this Agreement shall not affect (i) any provision of this Agreement other than Sections 1 and 3 and (ii) subject to any claims that the Committee may have against Houlihan Lokey under this Agreement, Houlihan Lokey's right to receive, and the Debtors' obligation to pay, any and all fees, expenses and other amounts due hereunder, as more fully set forth in this Agreement.

      Provided that Houlihan Lokey has not (i) resigned (other than due to a breach of this Agreement by a party other than Houlihan); (ii) terminated this Agreement on the basis that the order approving this Agreement was unacceptable to Houlihan Lokey; or (iii) been terminated due to bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), willful misconduct or gross negligence of Houlihan Lokey as finally judicially determined by the Bankruptcy Court and no longer subject to appeal, rehearing, reconsideration or petition for certiorari, Houlihan Lokey shall be entitled to full payment by the Debtors of the Deferred Fee described in this Agreement so long as the conditions set forth in Section 3(ii) hereunder causing such Deferred Fee to be due and payable are satisfied during the term of this Agreement or within 12 months after the date of expiration or termination of this Agreement.

5.      **Reasonableness of Fees.**  The parties acknowledge that a substantial professional commitment of time and effort will be required of Houlihan Lokey and its professionals hereunder, and that such commitment may foreclose other opportunities for Houlihan Lokey.  Moreover, the actual time and commitment required for the engagement may vary substantially, creating "peak load" issues for Houlihan Lokey.  Given the numerous issues which may arise in engagements such as this, Houlihan Lokey's commitment to the variable level of time and effort necessary to address such issues, the expertise and capabilities of Houlihan Lokey that will be required in this engagement, and the market rate for Houlihan Lokey's services of this nature, whether in-court or out-of-court, the parties agree that the fee arrangement provided for herein is reasonable, fairly compensates Houlihan Lokey, and provides the requisite certainty to the Debtors and the Committee.

6.      **Expenses.**  In addition to all of the other fees and expenses described in this Agreement, the Debtors shall, upon Houlihan Lokey's request, and subject to approval by the Bankruptcy Court, reimburse Houlihan Lokey for its actual (to the extent Houlihan Lokey is able to identify each actual charge), reasonable and documented (to the extent Houlihan Lokey is able to document such expenses) out-of-pocket expenses incurred from time to time in connection with its services hereunder, promptly after invoicing the Debtors therefor.  Houlihan Lokey bills its clients for its actual, documented out-of-pocket expenses including, but not limited to, (i) travel-related and certain other expenses, without regard to volume based or similar credits or rebates Houlihan Lokey may receive from, or fixed fee arrangements made with, travel agents, airlines, or

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 4

other vendors on a periodic basis and (ii) , research, database and similar information charges paid to third party vendors, and postage, telecommunication and duplicating expenses to perform client-related services that are not capable of being identified with, or charged to a particular client or engagement in a reasonably practicable manner, based upon a uniformly applied monthly assessment or percentage of fees due to Houlihan Lokey.

Houlihan Lokey shall, in addition, be reimbursed by the Debtors for the reasonable fees and expenses of Houlihan Lokey's legal counsel incurred in connection with (i) the negotiation and performance of this Agreement and the matters contemplated hereby, (ii) Houlihan Lokey's employment as a professional person in the Cases and (iii) the payment of all fees and expenses due to Houlihan Lokey hereunder, including, without limitation, in connection with fee disputes and objections to Houlihan Lokey's fees by any party in the Cases, not to exceed $75,000 (except (i) as provided in the section below entitled "Indemnification and Standard of Care" and/or (ii) in the event that, as a result of or in connection with Houlihan Lokey's engagement for the Committee, Houlihan Lokey becomes involved in any legal proceeding or investigation or is required by government regulation, subpoena or other legal process to produce documents, or to make its current or former personnel available as witnesses at deposition or trial).

7.    **Invoicing and Payment.**  All amounts payable to Houlihan Lokey shall, unless otherwise expressly permitted herein, be made in lawful money of the United States, and shall be made in accordance with the payment instructions set forth on the invoice provided with this Agreement, or to such accounts as Houlihan Lokey shall direct, and the Debtors shall provide contemporaneous written notice of each such payment to Houlihan Lokey.   All amounts invoiced by Houlihan Lokey shall be exclusive of value added tax, withholding tax, sales tax and any other similar taxes ("Taxes").  All amounts charged by Houlihan Lokey will be invoiced together with Taxes where appropriate.

8.    **Information.**  The Committee shall use commercially reasonable efforts to cause the Debtors (i) to provide Houlihan Lokey with access to management and other representatives of the Debtors and other participants in a transaction, as reasonably requested by Houlihan Lokey and (ii) to furnish all data, material and other information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the Debtors that Houlihan Lokey reasonably requests in connection with the services to be performed for the Committee hereunder.  Houlihan Lokey shall rely, without independent verification, on the accuracy and completeness of all information that is publicly available and of all information furnished by or on behalf of the Debtors or the Committee or otherwise reviewed by, or discussed with, Houlihan Lokey.  The Committee understands and agrees that Houlihan Lokey will not be responsible for the accuracy or completeness of such information, and shall not be liable for any inaccuracies or omissions therein.  The Committee acknowledges that Houlihan Lokey has no obligation to conduct any appraisal of any assets or liabilities of the Debtors or any other party or to evaluate the solvency of any party under any applicable laws relating to bankruptcy, insolvency or similar matters.   The Committee acknowledges that Houlihan Lokey's ability to render the services hereunder will depend upon the extent of cooperation that it receives from the Debtors or the Committee and their advisors.  Any advice (whether written or oral) rendered by Houlihan Lokey pursuant to this Agreement is intended solely for the use of the Committee in considering the matters to which this Agreement relates, and such advice may not be relied upon by any other person or entity or used for any other purpose.  Any advice rendered by, or other materials prepared by, or any communication from, Houlihan Lokey may not be disclosed, in whole or in part, to any third party, or summarized, quoted from, or otherwise referred to in any manner without the prior written consent of Houlihan Lokey.

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 5

9.    **Limitations on Services as Advisor.**  Houlihan Lokey's services are limited to those specifically provided in this Agreement, or subsequently agreed upon in writing, by Houlihan Lokey and the Committee. Houlihan Lokey shall have no obligation or responsibility for any other services including, without limitation, any crisis management or business consulting services related to, among other things, the implementation of any operational, organizational, administrative, cash management, or similar activities. The parties understand that Houlihan Lokey is being engaged hereunder as an independent contractor to provide the services hereunder solely to the Committee, and that Houlihan Lokey is not acting as an agent or fiduciary of the Committee or any other person or entity in connection with this engagement, and the Committee agrees that it shall not make, and hereby waives, any claim based on an assertion of such an agency or fiduciary relationship. In performing its services pursuant to this Agreement, Houlihan Lokey is not assuming any responsibility for the Committee's or the Debtors' decision on whether to pursue, endorse or support any business strategy, or to effect, or not to effect, any transaction(s).

10.    **Additional Services.**  To the extent Houlihan Lokey is requested by the Committee to perform any services which are not within the scope of this engagement, and in consultation with the Debtors prior to seeking Bankruptcy Court approval and subject to such approval by the Bankruptcy Court, the Debtors shall pay Houlihan Lokey such fees as shall be mutually agreed upon by Houlihan Lokey, the Committee and the Debtors in writing, in advance, depending on the level and type of services required, and shall be in addition to the fees and expenses described hereinabove. If the Committee agrees to retain Houlihan Lokey and Houlihan Lokey agrees to act in any such capacity, the Committee and Houlihan Lokey will enter into an appropriate form of agreement relating to the type of services involved and containing customary terms and conditions, including fees customarily payable to nationally recognized investment banks performing such roles in connection with comparable transactions.

11.    **Bankruptcy Court Approval.**  The Committee shall, as soon as practicable following the execution of this Agreement by the Committee, seek an order authorizing the employment of Houlihan Lokey pursuant to the terms of this Agreement, as a professional person pursuant to, and subject to the standard of review of, Sections 328(a) and 1103 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable local rules and orders and Houlihan Lokey's employment hereunder shall not be subject to any other standard of review under Section 330 of the Bankruptcy Code. In so agreeing to seek Houlihan Lokey's retention under Section 328(a) of the Bankruptcy Code, the Committee acknowledges that it believes that Houlihan Lokey's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Committee, that the value to the Committee of Houlihan Lokey's services derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the contingent Deferred Fee is reasonable regardless of the number of hours to be expended by Houlihan Lokey's professionals in the performance of the services to be provided hereunder.  The Committee shall use its best efforts to cause Houlihan Lokey's employment application to be considered on the most expedited basis.  The employment application and the proposed order authorizing employment of Houlihan Lokey shall be provided to Houlihan Lokey as much in advance of their filing as is practicable, and must be acceptable to Houlihan Lokey in its sole discretion.  If the order authorizing the employment of Houlihan Lokey is obtained, the Debtors shall pay all fees and expenses due pursuant to this Agreement, as promptly as possible in accordance with the terms of this Agreement and the order of such Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders, and the Committee will work with Houlihan Lokey to promptly file any and all necessary applications regarding such fees and expenses with the Bankruptcy Court.  The terms of this Section are solely for the benefit of Houlihan Lokey, and may be waived, in whole or in part, only by Houlihan Lokey.

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 6

12.     **Credit.**  Houlihan Lokey may, at its own expense, place announcements on its corporate website and in financial and other newspapers and periodicals (such as a customary "tombstone" advertisement) describing its services in connection with this engagement.

13.     **Choice of Law; Jury Trial Waiver; Jurisdiction.  THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN NEW YORK.  ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS.   EACH OF HOULIHAN LOKEY AND THE COMMITTEE IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF HOULIHAN LOKEY PURSUANT TO, OR THE PERFORMANCE BY HOULIHAN LOKEY OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE BROUGHT AND MAINTAINED IN THE BANKRUPTCY COURT.**

14.     **Indemnification and Standard of Care.**  As a material part of the consideration for the agreement of Houlihan Lokey to furnish its services to the Committee under this Agreement, the Debtors shall (i) indemnify and hold harmless Houlihan Lokey and its affiliates, and their respective past, present and future directors, officers, shareholders, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to this Agreement, Houlihan Lokey's engagement under this Agreement, any transaction or any actions taken or omitted to be taken by an Indemnified Party, the Committee, any member of the Committee or the Debtors in connection with this Agreement and (ii) reimburse each Indemnified Party for all actual, reasonable and documented expenses (including, without limitation, the fees and actual, reasonable and documented expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling or compromising any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person or entity (including, without limitation, any shareholder or derivative action), arising out of or relating to the formulation of any plan of reorganization for the Debtors, this Agreement, or such engagement, transaction or actions.  However, the Debtors shall not be liable under the foregoing indemnification provision to the extent of any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct, self-dealing, breach of fiduciary duty (if any such duty exists), bad faith, intentional fraud or gross negligence of such Indemnified Party.

        If for any reason the foregoing indemnification or reimbursement is unavailable to any Indemnified Party or insufficient to fully to indemnify any such party or to hold it harmless in respect of any losses, claims, damages, liabilities or expenses referred to in such indemnification or reimbursement provisions, then the Debtors shall contribute to the amount paid or payable by the Indemnified Party as a result of such losses, claims, damages, liabilities or expenses in such proportion as is appropriate to reflect the relative benefits received by the Committee and the Debtors, on the one hand, and Houlihan Lokey, on the other hand, in

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 7

connection with the services rendered by Houlihan Lokey.  If, however, the allocation provided by the immediately preceding sentence is not permitted by applicable law, then the Debtors shall contribute to such amount paid or payable by any Indemnified Party in such proportion as is appropriate to reflect not only such relative benefits, but also the relative fault of the Committee and Debtors, on the one hand, and such Indemnified Party, on the other hand, in connection therewith, as well as any other relevant equitable considerations.  Notwithstanding the foregoing, in no event shall the Indemnified Parties be required to contribute an aggregate amount in excess of the amount of fees actually received by Houlihan Lokey from the Debtors pursuant to this Agreement.  Relative benefits received by the Committee and the Debtors, on the one hand, and Houlihan Lokey, on the other hand, shall be deemed to be in the same proportion as (i) the total value paid or received or contemplated to be paid or received by the Debtors, and its security holders, creditors (including members of the Committee), and other affiliates, as the case may be, pursuant to the transaction(s) (whether or not consummated) contemplated by the engagement hereunder, bears to (ii) the fees received by Houlihan Lokey under this Agreement (excluding any amounts paid as reimbursement of expenses).  Neither the Committee nor the Debtors shall settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened action, suit, dispute, inquiry, investigation or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not an Indemnified Party is an actual or potential party thereto), unless such settlement, compromise, consent or termination contains a release of the Indemnified Parties reasonably satisfactory in form and substance to Houlihan Lokey.  Notwithstanding the immediately preceding sentence, if Houlihan Lokey refuses to approve a settlement, compromise, consent, or termination which would provide for an express, full and unconditional release of Houlihan Lokey and other Indemnified Parties, and which does not require or contain (a) any action or inaction, agreement, payment, or admission by or with respect to Houlihan Lokey or any other Indemnified Party, (b) any statement regarding the character, fault, culpability, failure to act, professionalism, due care, loyalty, expertise or reputation of, Houlihan Lokey or any other Indemnified Party, or (c) any continuing obligations or restrictions on Houlihan Lokey or any other Indemnified party, then the Committee and the Debtors may enter into such proposed settlement, compromise, consent, or termination without Houlihan Lokey's prior written consent.  The Debtors shall not be required to indemnify any Indemnified Party for any amount paid or payable by such in the settlement or compromise of any claim or action for which indemnification is sought hereunder, unless such settlement or compromise is consented to in writing by the Debtors, which consent shall not be unreasonably withheld, conditioned or delayed; provided that the Debtors shall be required to indemnify such Indemnified Party for such amount, even if such settlement or compromise is not consented to by the Debtors, if the Indemnified Party that is considering such settlement or compromise submits the terms of such settlement or compromise to the Debtors and the Debtors have not, within twenty (20) days thereafter, engaged in good faith discussions with such Indemnified Party regarding the Debtors' obligation to indemnify it for the amount payable thereunder.

Neither Houlihan Lokey nor any other Indemnified Party shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Committee, the Debtors or any person or entity asserting claims related to or arising out of this Agreement, Houlihan Lokey's engagement under this Agreement, any transaction, or any actions taken or omitted to be taken by an Indemnified Party, the Debtors or the Committee in connection with this Agreement, except to the extent of losses, claims, damages or liabilities incurred by the Committee and/or the Debtors which are finally judicially determined by a court of competent jurisdiction to have resulted from the willful misconduct, bad faith, intentional fraud or gross negligence of such Indemnified Party.  The indemnity, reimbursement, and other obligations and agreements of the Committee and the Debtors set forth herein (i) shall apply to any services provided by Houlihan Lokey

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 8

in connection with this engagement prior to the Effective Date and to any modifications of this Agreement, (ii) shall be in addition to any obligation or liability which such parties may otherwise have to any Indemnified Party, (iii) shall remain operative and in full force and effect regardless of any investigation made by or on behalf of such parties or any Indemnified Party or any person controlling any of them, and (iv) shall survive the completion of the services described in, and any expiration or termination of the relationship established by, this Agreement.

15.    **Miscellaneous.**    This Agreement shall be binding upon the parties hereto and their respective successors, heirs and assigns and any successor, heir or assign of any substantial portion of such parties' respective businesses and/or assets, including any Chapter 11 or Chapter 7 trustee appointed in the Cases.

Nothing in this Agreement, express or implied, is intended to confer or does confer on any person or entity, other than the Committee, the Indemnified Parties and each of their respective successors, heirs and assigns, any rights or remedies (directly or indirectly as a third party beneficiary or otherwise) under or by reason of this Agreement or as a result of the services to be rendered by Houlihan Lokey hereunder.

This Agreement is the complete and exclusive statement of the entire understanding of the parties regarding the subject matter hereof, and supersedes all previous agreements or understandings regarding the same, whether written or oral.  This Agreement may not be amended, and no portion hereof may be waived, except in a writing duly executed by Houlihan Lokey and the Chair or other authorized representative of the Committee and approved by the Bankruptcy Court.

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof.

To help the United States government fight the funding of terrorism and money laundering activities, the federal law of the United States requires all financial institutions to obtain, verify and record information that identifies each person with whom they do business as a condition to doing business with that person. Accordingly, the Debtors will provide Houlihan Lokey upon request certain identifying information necessary to verify the identity of the Debtors, such as a government-issued identification number (e.g., a U.S. taxpayer identification number), certified articles of incorporation, a government-issued business license, partnership agreement or trust instrument.

This Agreement may be executed in any number of counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.  Such counterparts may be delivered by one party to the other by facsimile or other electronic transmission, and such counterparts shall be valid for all purposes.

In order to enable Houlihan Lokey to bring relevant resources to bear on its engagement hereunder from among its global affiliates, the Committee agrees that Houlihan Lokey may share information obtained from the Committee (to the extent that the Committee is authorized to grant such authority), the Debtors, and other parties hereunder with certain of its affiliates, and may perform the services contemplated hereby in conjunction with such affiliates.

The Committee has all requisite power and authority to enter into this Agreement.  This Agreement has been duly and validly authorized by all necessary action on the part of the Committee and has been duly executed and delivered by the Committee and constitutes a legal, valid and binding agreement of the Committee, enforceable in accordance with its terms.  This Agreement has been reviewed by the signatories

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 9

hereto and their counsel.  There shall be no construction of any provision against Houlihan Lokey because this Agreement was drafted by Houlihan Lokey, and the parties waive any statute or rule of law to such effect.

The Committee understands that Houlihan Lokey is not undertaking to provide any legal, regulatory, accounting, insurance, tax or other similar professional advice and the Committee confirms that it is relying on its own counsel, accountants and similar advisors for such advice.

Steven Cimalore,
Chair of The Official Committee of Unsecured
Creditors of Patriot Coal Corporation
Page 10

All of us at Houlihan Lokey thank you for choosing us to advise the Committee, and look forward to working with you on this engagement.

Very truly yours,

**HOULIHAN LOKEY CAPITAL, INC.**

By: _/s/ Matthew A. Mazzuchi_____
Matthew A. Mazzucchi
Managing Director

Accepted and agreed to as of the Effective Date:

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF PATRIOT COAL CORPORATION**

By: **Wilmington Trust Company, Chair of the Committee**

By: _/s/ Steven Cimalore_____
Steven Cimalore
Vice President

# EXHIBIT B

**ALLOCATION COORDINATING RESPONSIBILITIES OF
COMMITTEE ADVISOR AND ACCOUNTING ADVISOR**

**IN RE PATRIOT COAL CORPORATION, ET AL.**
**CASE NO. 12-12900 (SCC)**

**COORDINATION OF RESPONSIBILITIES FOR ADVISOR AND ACCOUNTING ADVISOR**

*With respect to the projects listed below, where appropriate the parties may
coordinate with each other while avoiding duplication of efforts.*

| HOULIHAN LOKEY (ADVISORY SERVICES) | MESIROW FINANCIAL CONSULTING (ACCOUNTING ADVISORY) |
|---|---|
| • Analysis of DIP financing, including historical analysis of negotiations resulting in proposed DIP facility and other options <br><br> • Monitor and analyze liquidity/cash flow including variances and near-term cash forecast <br><br> • Analysis of intercompany transactions and payables/receivables, including non-debtor subsidiaries and affiliates <br><br> • Analysis of first and second day motions <br><br> • Business plan and operations analysis, including development of improvements <br><br> • Strategic alternatives/restructuring alternatives <br><br> • Analysis and review of SEC filings, MORs, other financial reports, SOFAs and schedules (other than intercompany transactions) <br><br> • Capital structure/debt capacity <br><br> • Valuation analysis and testimony, including solvency analyses and accompanying valuation in connection with plan, exit strategy, avoidance actions and "NOL preservation" orders <br><br> • Collateral analysis and review/Committee lien investigation <br><br> • Section 1113/1114 overall strategic analysis <br><br> • Executory contracts analysis | • Analysis and assistance on potential causes of action (the "Causes of Action"), including potential preferences and fraudulent conveyances, specifically investigation of transactions with Peabody, Arch, ArcLite and specific valuation analyses related thereto <br><br> • Other Post-Employment Benefits/Pension/Labor Analysis – pension and benefit plan funding status and actuarial analysis of contributions and claims <br><br> • Provide litigation support services, including which may include but are not limited to assisting with discovery, advising on damages and providing expert testimony, in connection with the Causes of Action or other litigation support requested by the Committee <br><br> • Tax analyses <br><br> • Management assessment, analysis of any proposed annual incentive bonus program/KEIP <br><br> • Analysis of intercompany claims and transactions, including as set forth on the Debtors' Schedules/SOFA |

# EXHIBIT C

**PROPOSED ORDER**

**Proposed Order will be submitted separately**

# **EXHIBIT D**

### **MAZZUCCHI DECLARATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
PATRIOT COAL CORPORATION, *et al.,*                     :   Case No. 12-12900 (SCC)
                                                        :
                                                        :
                                    Debtors.            :   Jointly Administered
--------------------------------------------------------- x

**DECLARATION OF MATTHEW MAZZUCCHI IN SUPPORT OF THE APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PATRIOT
COAL CORPORATION, *ET AL.*, PURSUANT TO 11 U.S.C. §§ 328 AND 1103, FED. R.
BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER
AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY
<u>CAPITAL, INC. AS ADVISOR, *NUNC PRO TUNC,* TO JULY 24, 2012</u>**

I, Matthew Mazzucchi declare under penalty of perjury:

       1.      I am a Managing Director of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**")

and am duly authorized to make this Declaration on behalf of Houlihan Lokey.  The facts set

forth in this Declaration are personally known to me and, if called as a witness, I could and

would testify thereto.

       2.      This Declaration is submitted in support of the application of the Official

Committee of Unsecured Creditors (the "**Committee**") in the above-captioned chapter 11 cases

(the "**Chapter 11 Cases**") for authorization of the employment and retention of Houlihan Lokey

as Advisor to the Committee at the expense of the Debtors' estates.

       3.      This Declaration is also submitted as the statement required pursuant to §§ 328(a),

329 and 504 of Title 11, United States Code (11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**")

and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "**Local Bankruptcy Rules**"), authorizing the retention and employment of

Houlihan Lokey to provide investment banking and financial advisory services in its capacity as Advisor (the "**Advisor**") to the Committee nunc pro tunc to July 24, 2012.

4.      Established in 1970, Houlihan Lokey is an international investment banking firm, with fourteen offices in the United States, Europe and Asia and more than 850 employees. Houlihan Lokey provides corporate finance and financial advisory services, as well as execution capabilities, in a variety of areas, including financial restructuring. Through its Financial Restructuring Group, Houlihan Lokey is one of the leading advisors to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, Official Creditor Committees, acquirers, equity sponsors and other parties-in-interest involved with financially challenged companies. Houlihan Lokey's Financial Restructuring Group has over 150 professionals worldwide dedicated to providing restructuring and other financial services to distressed companies. In addition to Houlihan Lokey's financial restructuring expertise, in 2011 Houlihan Lokey ranked as the No. 1 M&A advisor for U.S. transactions under $1 billion, according to Thomson Reuters. The firm is also one of the leading providers of M&A fairness opinions and annually serves more than 1,000 clients ranging from closely held companies to Global 500 corporations.

5.      Houlihan Lokey has agreed to provide advisory services to the Committee in these Chapter 11 Cases pursuant to the terms and conditions of the engagement letter agreement between the Committee and Houlihan Lokey (the "**Engagement Letter**").

6.      Houlihan Lokey does not contemplate utilizing independent contractors or sub-contractors in performing its role in these Chapter 11 Cases. To the extent that the circumstances change to warrant the use of sub-contractors or independent contractors, Houlihan Lokey will file a supplemental declaration, as soon as reasonably practicable without disclosing any

privileged or otherwise confidential information or strategy, indicating such use and the nature of the services.  Any additional services and fees that fall outside of the scope of this Engagement Letter will be subject to prior Court approval.

     7.    By way of further disclosure:

    a)    From time to time, Houlihan Lokey's Financial Restructuring Group, which is providing the services in these Chapter 11 Cases, has provided services, and likely will continue to provide services to certain attorneys, other professionals, creditors (including lenders) and/or security holders of the Debtors and various other parties, some of whom may be providing services to, or may be adverse to, or may be otherwise connected to, the Debtors, in each case in matters unrelated to these Chapter 11 Cases.

    b)    In addition to its Financial Restructuring Group, Houlihan Lokey and the other subsidiaries of its direct parent company, Houlihan Lokey, Inc., that are engaged in providing investment banking and financial advisory services globally (collectively, the "**Houlihan Lokey Group**") provide services to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, financial advisory or other investment banking relationships with parties that may have interests with respect to the Debtors.  In the ordinary course of business, investment funds affiliated with the Houlihan Lokey Group and certain of the Houlihan Lokey Group's employees, as well as investment funds in which such employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or other parties that may have an interest in these Chapter 11 Cases or have other relationships with such parties.  No member of Houlihan Lokey's deal team working on these Chapter 11 Cases has any decision making role with respect to any investment funds affiliated with the Houlihan Lokey Group.  With respect to any such securities, financial instruments and/or investments, all rights in respect of such securities, financial instruments and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion.  Moreover, the Houlihan Lokey employees who are working on these Chapter 11 Cases are subject to compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared, including firm-wide technology and information walls as reasonably necessary to prevent any sharing of such information.

    c)    The Houlihan Lokey Group's Hedge Fund and Derivatives Valuation Services Group provides valuation opinions on the securities and derivative holdings of various business development companies, private equity firms and hedge funds,

which may include debt securities of the Debtors.  This work is unrelated to the financial advisory services that Houlihan Lokey intends to provide in these Chapter 11 Cases.    Moreover, the Houlihan Lokey Group, through the establishment of an "Information Wall" has separated its employees in the Hedge Fund and Derivatives Valuation Services Group from the rest of the employees of the Houlihan Lokey Group.  This "Information Wall," includes physical and technological barriers, compliance mechanisms and policies and procedures designed to prevent confidential, non-public information and work product from being shared improperly.

d) Houlihan Lokey personnel may have business associations with certain creditors of the Debtors or counsel or other professionals involved in these Chapter 11 Cases on matters unrelated to these Chapter 11 Cases.  In addition, in the ordinary course of its business, Houlihan Lokey may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in these Chapter 11 Cases.

8.    To determine its relationship with parties in interest in these Chapter 11 Cases, Houlihan Lokey has researched the client databases maintained with respect to the Houlihan Lokey Group to determine whether it has any relationships with the entities (individually an "**Interested Party**" and collectively, the "**Interested Parties**") that were identified to Houlihan Lokey by the Debtors and included on the list annexed here to as Schedule 1.

9.    Schedules 1 and 2 attached hereto detail the relationship check performed by Houlihan Lokey, and identify and disclose any relationships discovered through such investigation that members of the Houlihan Lokey Group have with any Interested Parties in these Chapter 11 Cases.

10.    To the best of my knowledge, information and belief after reasonable inquiry, other than as disclosed in this Declaration and related schedules, the Houlihan Lokey Group, and its professionals or employees participating in or connected with Houlihan Lokey's engagement with the Committee:  (i) are not related to the Debtors or any other party in interest herein, the U. S. Trustee for Region 2 or anyone employed in the United States Trustee's Office for the Southern District of New York; (ii) are "disinterested persons" under section 101(14) of the

Bankruptcy Code, as modified by section 1107(b); (iii) do not have any connection with or hold or represent any interest adverse to the Debtors, its estate, its creditors or any other Interested Party or their respective attorneys in the matters on which Houlihan Lokey is proposed to be retained; or (iv) have not advised any Interested Party, except for the Committee, in connection with these Chapter 11 Cases.  In addition, Houlihan Lokey does not believe that any relationship that the Houlihan Lokey Group or any of our professionals or employees participating in or connected with Houlihan Lokey's engagement with the Committee may have with any Interested Party in connection with any unrelated matter will interfere with or impair Houlihan Lokey's representation of the Committee in these Chapter 11 Cases.

11.    For the avoidance of doubt, no member of the Houlihan Lokey team providing services to the Committee directly owns the Debtors' securities.  Houlihan Lokey's professionals invest in a broad array of mutual funds and ETFs, some number of which either currently or may in the future own securities of Patriot Coal Corporation or some of its creditors.  The Debtors' securities have been on Houlihan Lokey's "restricted list" since July 24, 2012.

12.    To the extent Houlihan Lokey discovers any facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey undertakes to amend and supplement the information contained in this Declaration to disclose such facts.

13.    Based on all of the foregoing, Houlihan Lokey is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

14.    No agreement presently exists to share with any other person or firm any compensation received by Houlihan Lokey for its services in these Chapter 11 Cases.  If any such agreement is entered into, Houlihan Lokey undertakes to amend and supplement this Declaration to disclose the terms of any such agreement.

5

15.     No promises have been received by Houlihan Lokey, or by any employee thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

16.     I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Houlihan Lokey will comply with them, subject to the Orders of this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 27, 2012

_____
Matthew Mazzucchi

## SCHEDULE 1

**CONFLICTS CHECKLIST**

***Officers and Directors (2009 to Present) (includes
   non-executive officers and general managers of
   subsidiaries)***

Adorjan, J. Joe
Bean, Joseph W.
Bennett, Robert W.
Brandt, Philip A.
Brown, B. R.
Day, Michael D.
Ebetino, Charles A.
Engelhardt, Irl F.
Hartsog, Kent E.
Hatfield, Bennett K.
Hudson, Terry G.
Johnson, Michael P.
Jones, Jacquelyn A.
Jones, John R.
Longoria, Janeice M.
Lucha, Dale F.
Lushefski, John E.
Magro, James N.
Mead, Robert L.
Millburg, Lawrence J.
Scharf, Michael M.
Schnapp, Paul A.
Schroeder, Mark N.
Viets, Robert O.

***Affiliations of Directors (Board Memberships,
   Charitable Organizations, etc.)***

Adven Capital
Bates Sales Company
Beaucoup Farms LLC
Buffalo Wild Wings, Inc.
CenterPoint Energy, Inc.
Delta Trust & Bank
Engelhardt Family Foundation
Foundation for Pinckneyville, Illinois
Freedom Group, Inc.
Friends of KWMU
Galveston Bay Foundation
Greater Houston Partnership
Gulf Coast Health Services Steering Committee
Healthcare Service Corporation
Heritage Society
The Hungary-Missouri Educational Partnership
Illinois Rural Heritage Museum
J&A Group
MD Anderson Services Corporation
Ogden, Gibson, Broocks, Longoria & Hall L.L.P.
Oklahoma Conference for Community & Justice
Phillips Theological Seminary
Port of Houston Authority

QuikTrip Corporation
Ranken Technical College
Remington Arms Company, Inc.
Renewable Energy Group, Inc.
The Rumson Country Day School
RLI Corp.
Saint Louis University
Texas Medical Center
Tiger Woods Foundation
UTIMCO
White Walnut Farms LLC

***Debtor***

Patriot Coal Corporation

***Subsidiaries***

Affinity Mining Company
Apogee Coal Company, LLC
Appalachia Mine Services, LLC
Beaver Dam Coal Company, LLC
Big Eagle LLC
Big Eagle Rail, LLC
Black Stallion Coal Company, LLC
Black Walnut Coal Company
Bluegrass Mine Services, LLC
Brook Trout Coal, LLC
Catenary Coal Company, LLC
Central States Coal Reserves of Kentucky, LLC
Charles Coal Company, LLC
Cleaton Coal Company
Coal Clean LLC
Coal Properties, LLC
Coal Reserve Holding Limited Liability Company
   No. 2
Colony Bay Coal Company
Cook Mountain Coal Company, LLC
Corydon Resources LLC
Coventry Mining Services, LLC
Coyote Coal Company LLC
Cub Branch Coal Company LLC
Dakota LLC
Day LLC
Dixon Mining Company, LLC
Dodge Hill Holding JV, LLC
Dodge Hill Mining Company, LLC
Dodge Hill of Kentucky, LLC
EACC Camps, Inc.
Eastern Associated Coal, LLC
Eastern Coal Company, LLC
Eastern Royalty, LLC
Emerald Processing, L.L.C.
Gateway Eagle Coal Company, LLC
Grand Eagle Mining, LLC
Heritage Coal Company LLC

Highland Mining Company, LLC
Hillside Mining Company
Hobet Mining, LLC
Indian Hill Company LLC
Infinity Coal Sales, LLC
Interior Holdings, LLC
IO Coal LLC
Jarrell's Branch Coal Company
Jupiter Holdings LLC
Kanawha Eagle Coal, LLC
Kanawha River Ventures I, LLC
Kanawha River Ventures II, LLC
Kanawha River Ventures III, LLC
KE Ventures, LLC
Little Creek LLC
Logan Fork Coal Company
Magnum Coal Company LLC
Magnum Coal Sales LLC
Martinka Coal Company, LLC
Midland Trail Energy LLC
Midwest Coal Resources II, LLC
Mountain View Coal Company, LLC
Newtown Energy, Inc.
New Trout Coal Holdings II, LLC
North Page Coal Corp.
Ohio County Coal Company, LLC
Panther LLC
Patriot Beaver Dam Holdings, LLC
Patriot Coal Company, L.P.
Patriot Coal Receivables (SPV), Ltd.
Patriot Coal Sales LLC
Patriot Coal Services LLC
Patriot Leasing Company LLC
Patriot Midwest Holdings, LLC
Patriot Reserve Holdings, LLC
Patriot Trading LLC
Patriot Ventures LLC
PCX Enterprises, Inc.
Pine Ridge Coal Company, LLC
Pond Creek Land Resources, LLC
Pond Fork Processing LLC
Remington Holdings LLC
Remington II LLC
Remington LLC
Rhino Eastern LLC
Rivers Edge Mining, Inc.
Robin Land Company, LLC
Sentry Mining, LLC
Snowberry Land Company
Speed Mining LLC
Squaw Creek Coal Company
Sterling Smokeless Coal, LLC
TC Sales Company, LLC
Tecumseh Coal Corporation
The Presidents Energy Company LLC
Thunderhill Coal LLC

Trout Coal Holdings, LLC
Union County Coal Co., LLC
Viper LLC
Weatherby Processing LLC
White Stallion Coal, LLC
Wildcat, LLC
Wildcat Energy LLC
Will Scarlet Properties LLC
Winchester LLC
Winifrede Dock Limited Liability Company
WWMV, LLC
Yankeetown Dock, LLC

***Five Percent and Greater Shareholders and
  Beneficial Owners   (as of March 15, 2012)***

BlackRock, Inc.
State Street Corporation
The Vanguard Group, Inc.

***Significant Business Partners***

American Patriot Mining, LLC
RWMV, LLC
Rhino Energy WV LLC

See Significant Suppliers, Shippers, Warehousemen,
Customers and Vendors for list of agents.

***Attorneys, Professionals and Financial Advisors
  (Including Accountants and Investment Banks)***

Allen Guthrie & Thomas
AlixPartners
Arnold & Porter, LLP
American Stock Transfer & Trust Company, LLC
AST Fund Solutions, LLC
Banc of America Securities LLC
Bank of America Corporation
Barclays Capital Inc.
Boehl, Stopher & Graves
Bowen Engineering Corp.
Bowles Rice McDavid Graff & Love LLP
Broadridge Financial Solutions, Inc.
Buchanan, Ingersoll & Rooney
Bryan Cave, LLP
CH2M Hill Engineers
Citibank, National Association
Citigroup CIB
Citigroup Global Markets, Inc.
Computershare
Davis Polk & Wardwell LLP
Depository Trust and Clearing Corporation
Dinsmore & Shohl LLP
Duff & Phelps Corporation
Ernst & Young LLP

Equity Methods
FBR Capital Markets & Co.
Ferreri & Fogle
Fifth Third Securities, Inc.
Flaherty, Sensabaugh & Bonasso
GCG Inc.
Georgeson Inc.
Gordon Law Offices, PSC
Greenberg & Traurig
Greensfelder, Hemker & Gale, P.C.
Husch Blackwell
IBM
Jackson Kelly PLLC
Kohn, Shands, Elbert, Gianoulakis & Giljum, LLP
KPMG LLP
Lewis Glasser Casey & Rollins, PLLC
Mercer
Merrill Lynch
Milliman
Morris, Nichols, Arsht & Tunnell LLP
Natixis Securities Americas LLC
Neal, Gerber & Eisenberg LLP
Ogletree Deakins
Oliver Wyman
PNC Capital Markets, LLC
Protiviti
Robinson & McElwee, PLLC
RR Donnelly
Sandberg Phoenix & Von Gontard P.C.
Santander Investment Securities, Inc.
SG Americas Securities, LLC
Shuman, McCuskey & Slicer, PLLC
Smith Moore Leatherwood LLP
SNR Denton
Sorling, Northrup, Hanna, Cullen & Cochran, Ltd.
Steptoe & Johnson, PLLC
Summit Strategies Group
The Blackstone Group LP
Thompson Coburn
Towers Watson
UBS Investment Bank
Veritas Consulting/Richard Verheij
WebFilings
White & Risse
Wilmington Trust Company
Zenon Environmental Corp d/b/a GE Water
Ziemer, Stayman, Weitzel & Shoulders, LLP

***Significant Financial Institutions (Including
Administrative Agents, Lenders and Equipment
Financing)***

Bank of America, N.A.
Bank of Oklahoma, N.A.
Barclays Bank PLC
Caterpillar Financial Services Corp.

Citigroup Global Markets Inc.
Citicorp North America, Inc.
Comerica
Fifth Third Bank
M&I Bank (Southwest Bank of St Louis)
Natixis, New York Branch
PNC Bank
Raymond James Bank
RZB Bank
Societe Generale (SocGen)
Sovereign Bank
The Private Bank
UBS
United Overseas Bank

***Significant Equipment Lessors***

AmerCable Incorporated
BancorpSouth Equipment Finance
Bank of America Leasing
Bank of the West
Black Equipment Co, Inc.
BMO Harris Equipment Finance
California First National Bank
Capitalsource Bank
Caterpillar Financial Services Corporation
Cecil I. Walker Machinery Co.
CitiCapital Commercial Leasing Corporation
DBT America Inc.
The Fifth Third Leasing Company
First National Capital Corp.
Fifth Third Bank
First Utah Bank
Flagstar Bank, FSBGelco Corporation DBA GE Fleet
    Services
General Electric Capital Corporation
Gibbs Technology Leasing
Hawthorn Bank
The Huntington National Bank
ICON Investments
ICON Magnum, LLC
Joy Technologies Inc.
Key Equipment Finance Inc.
Komatsu Financial Limited Partnership
Macquarie Corporate and Asset Funding, Inc.
Mazuma Capital Corp
Merrill Lynch Capital
Mitel Leasing, Inc.
Motion Industries, Inc.
Nations Fund I, Inc.
PEC Equipment Company, LLC (Peabody)
People's Capital and Leasing Corp.
Prime Alliance Bank
RBS Asset Finance, Inc.
Relco Finance, Inc.
Renaissance Capital Alliance

3

Republic Bank, Inc.
Rish Equipment Company
Ritchie Bros. Auctioneers (America) Inc.
Rudd Equipment Company
SG Equipment Finance USA Corp
Siemens Financial Services, Inc.
Somerset Capital Group, LTD
United Leasing, Inc.
Wire Rope Industries Ltd.

***Significant Landlords and Lessors***

ACIN
Alcoa Fuels, Inc.
Alderson Heirs
Allegheny Land
Ark Land KH
Berwind Land Company
BGK –Integrated TIC Management, LLC
Black King
Blue Eagle
Boone East
Boone East Development
CC Dickinson Testamentary Trust
Central WV Energy
Chesapeake Mining
Cole & Crane
Courtney Co.
David Olliver, Agent
Donald Greenwell
Duke Realty
Elk Run
Federal Coal
Gerald Greenwell
Greenbrier Land Co.
Hoover
Hoover LaFollette
Horse Creek Coal Land Co.
Horse Creek Land and Mining
Imperial Coal Company
Jackson Vinson
James M. Greenwell
Johnny Royster
Kay-Ford-JamesLawson Heirs
Lewis Heirs
Little Coal Land Co.
LRPB
LRPB KE
Mariam Peak
Midwest Coal Reserves of Ky., LLC
Miller-Gilman
Mohler Lumber
Mounts & Dannheiser, LLC
Pardee
Payne Gallatin

Penn Virginia f/k/a Penn Virginia Operating Co.,
  LLC
Pocahontas Land
Potter Family, LLC
Potter Grandchildren, LLC
Quincy Center
Rowland Land
Shepard Boone
William H. Shields
Shonk
So. Appalachian
Southern Dickinson
Southern Land Co.
SRIR (Pocahontas Land)
Tennessee Valley Authority
Tommy Long
Ward Heirs
Westvarendrag
WPP LLC

***Unions***

United Mine Workers of America
Bituminous Coal Operators' Association

***Bondholders***

Cetus
Pinebridge
Northwestern Mutual
Nuveen
Third Point
Smith Barney
Claren Road
Goldman Sachs

***Letter of Credit and Surety Bond Providers and
  Beneficiaries***

Department of Labor
Peabody Energy Corp.

Surety Issuers
ACE American Insurance Company
American Casualty Company of Reading,
  Pennsylvania
Aspen American Insurance Company
Aspen Specialty Insurance Company
Argonaut Insurance Company
Chubb Group of Insurance Companies
Chubb Surety
CNA Surety
Continental Casualty Company
Bond Safeguard
Federal Insurance Company
Firemen's Insurance Company of Newark, New
  Jersey

4

HCC Surety Group
Indemnity Insurance Company of North America
Indemnity National Insurance Company
Insurance Company of North America
Lexon
Liberty
National Fire Insurance Company of Hartford
Pacific Employers Insurance Company
Rockwood
St. Paul/Seaboard
St. Paul Fire & Marine
Surety Bonding Company of America
The Continental Insurance Company
Travelers Casualty and Surety Company of America
US Specialty
Universal Surety Company of America
Westchester Fire Insurance Company
Western Surety Company

Surety Obligees
Henderson County, Kentucky
Illinois Department of Mines and Minerals
Indiana State Agency
Kentucky Dept. for Natural Resources: Division of
    Mine Reclamation & Enforcement
Kentucky State Agency
Missouri State Agency
Ohio Department of Natural Resources; Reclamation
    Division
West Virginia Department of Natural Resources
West Virginia, Department of Transportation
West Virginia Division of Environmental Protection
West Virginia State Agency
WV Hwy

Letters of Credit Providers
Bank of America
Fifth Third Bank
PNC

Letters of Credit Beneficiaries
Arch Coal, Inc.
Argonaut Insurance Co
Bond Safeguard/LEXON
CAT Financial Svcs
Clerk of Ct, US Dist Ct for WV
Commonwealth of KY
Commonwealth of PA
Federal Ins Co/CHUBB
First Surety Corp
ILL Workers Comp
Indemnity Natl Ins Co
Ins Commissioner of WV
Kenergy Corp
National Fire Insurance
National Union Fire Ins

Norfolk Southern
Old Republic Insurance
Travelers Casualty
UMWA 1992 Benefit Plan
US Surety Co
Western Surety C.N.A.

*Significant Taxing Authorities*

Internal Revenue Service
Boone County, WV
Clay County, WV
Commonwealth of Kentucky
Henderson County, KY
Lincoln County, WV
Logan County, WV
Kanawha County, WV
Monongalia County, WV
State of Illinois
State of Indiana
State of Missouri
State of Pennsylvania
State of West Virginia
Union County, KY

*Regulatory Agencies (e.g., Department of Interior,
    Mine Safety Administration, OSHA, and State and
    Local Regulators)*

Environmental Protection Agency
Illinois Department of Natural Resources
Illinois Environmental Protection Agency
Illinois Pollution Control Board
Kentucky Department for Environmental Protection
Kentucky Department for Natural Resources
Kentucky Office of Mine Safety and Licensing
Mine Safety and Health Administration
Occupational Safety and Health Administration
Office of Surface Mining Reclamation and
    Enforcement
Ohio Department of Natural Resources
Pennsylvania Department of Environmental
    Protection
U.S. Army Corps of Engineers
U.S. Bureau of Alcohol, Tobacco, and Firearms
U.S. Bureau of Land Management
U.S. Department of Interior
U.S. Department of Labor
West Virginia Department of Environmental
    Protection
West Virginia Office of Miners' Health Safety &
    Training

*Parties to Significant Litigation*

Bridgehouse Capital Limited
Bridgehouse Commodities Trading Limited

5

Environmental Protection Agency
Keystone Industries, LLC
Sierra Club
Sentrum Holdings Limited
State of Illinois; Illinois Attorney General's Office
State of West Virginia
Ohio Valley Environmental Coalition, Inc.
U.S. Attorney's Office
West Virginia Department of Environmental
  Protection
West Virginia Highlands Conservancy, Inc.


***Significant Suppliers, Shippers, Warehousemen,
  Customers and Vendors***

Alpha Coal Sales Co. LLC
American Electric Power Co., Inc
Anders Williams Resources, Inc.
Appalachian Power Co.
Bayer CropScience LP
Big Rivers Electric Corp.
Blue Cross Blue Shield
Bridgehouse Commodities Trading Limited
Brody Mining, LLC
Carbofer Representacoes Ltda.
Cardinal Operating Company
Caremark
Caterpillar Global Mining America
Cecil I. Walker Machinery Co.
Clay's Trucking
Coal Network Inc.
Constellation Energy Commodities
CSX Transportation, Inc.
Dan River Resources LLC
Dekoven Dock, Incorporated
Drummond Coal Sales, Inc.
DTE Energy Company
Duke Energy Carolinas LLC
Duke Energy Commercial Asset Management
Duke Energy Kentucky, Inc.
E. On Ag
Eagle Valley, Inc.
East Kentucky Power Cooperative
Eastman Kodak Co.
EDF Trading North America, LLC/EDF Trading
  Limited
Emerald International
GenOn Energy Management, LLC
Gerdau Acominas S.A.
Gulf Power Company
Home Oil & Gas
Hunter Trucking
IBM
ILVA Spa
Jennmar Corporation

JMAC Leasing Inc.
Joy Mining Machinery
Kanawha River Terminals, LLC
Kentucky Utilities Co.
Keystone Industries
Komsa Sarl
Long Branch Energy
Louisville Gas and Electric Comp
Magnum Coal Co.
Mercuria Energy Trading, Inc.
Middletown Coke Company, LLC
Mirant Energy Trading, LLC
Monk Mining

Mountain State Carbon, LLC
Neville Island Fuels Company, LLC
Nelson Brothers LLC
Norfolk Southern Railway Company
Owensboro Municipal Utilities
Peabody COALTRADE, LLC
Peabody Energy Corp.
Peabody Terminals, LLC
Penn Virginia Resource Partners, L.P.
Petroleum Products Inc.
Phillips Machine Service Inc.
PPL EnergyPlus, LLC
PPL Generation, LLC
PowerSouth Energy Cooperative
Production Adjustment
Progress Energy Carolinas, Inc.
Raleigh Mine & Industrial Supply
Reiss Viking Division
Relco Finance, Inc.
Rish Equipment
River Trading Company
RWE Trading Americas Inc.
Sandvik Mining and Construction
Selah Corp.
Shenango Inc.
Shinewarm Resources (HK) Group Limited
Southern Company
SunCoke Energy
Tata Steel UK Limited
ThyssenKrupp CSA Siderurgica
Trafigura AG
United Central Industrial Supply
USIMINAS
U.S. Steel Corp.
The Vanguard Group
Vanomet International AG
Veyance Industrial Services
Vitol, Inc.
Webster Trucking
White River Coal Sales, Inc.
Xcoal Energy & Resources

6

Zug Island Fuels, LLC

See also Significant Landlords and Lessors,
Significant Attorneys, Professionals and Financial
Advisors and Significant Equipment Lessors

***Insurers***

Brokers
Aon Risk
Marsh USA
Willis of Tennessee

Underwriters
ACE
AIG
Allied World Assurance Company
Allied World National Assurance Company
Arch Specialty
Argo QS
ARISE Inc.
Aspen Bermuda Ltd
Aspen Specialty Insurance Company
Aspen Insurance UK Limited
Axis Insurance (Bermuda) Ltd
Axis Insurance Company
Axis Surplus Insurance Company
Berkley
Chartis
Chubb
CNA
Endurance American Insurance Company
Hartford
Hiscox
Ironshore
Iron-Starr
HCC
Liberty International Underwriters
Liberty Mutual Insurance Europe Limited
MJB Consulting
RSUI
XL
XL UK
XL Specialty
Zurich

***United States Trustee's Office***

Office of the United States Trustee for the Districts of
   New York, Connecticut & Vermont
Abriano, Victor
Brooks, Catletha
Catapano, Maria
Choy, Danny A.
Crowder, Stephanie B.
Davis, Tracy Hope

Driscoll, Michael
Dub, Elizabeth C.
Felton, Marilyn
Fields, Myrna R.
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Martin, Marylou
Martinez, Anna M.
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Nadkarni, Joseph
Nakano, Serene
Nguyen, Savitri
Porter, Carol A.
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Segreto, John
Sharp, Sylvester
Velez-Rivera, Andy
Weston, Jennifer L.
Zipes, Greg M.

***Top Five Secured Creditors***

BancorpSouth Equipment Finance
Bank of America
Bank of America Leasing
Bank of the West
BMO Harris Equipment Finance Company
Caterpillar Financial Services Corp.
Fifth Third Bank
Fifth Third Leasing Company
General Electric Capital Corp.
Key Equipment Finance Inc.
Komatsu Financial Limited Partnership.
People's Capital & Leasing Corp.
SG Equipment Finance
Siemens Financial Services
Somerset Capital Group, Ltd.
United Leasing, Inc.

***Top 50 Unsecured Creditors***

AFCO
Allegheny Power
Alley Trucking LLC
Alpha Natural Resources, Inc.
Amercable Incorporated
American Electric Power
American Freedom Innovations LLC
Bank of the West
Bentley Badgett II and Linda Badgett

7

CapitalSource Bank
Caterpillar Global Mining
Cecil I. Walker Machinery Co.
Chisler Brothers Contracting LLC
Chisler Inc.
Coalfield Services Inc.
Cogar Manufacturing Inc.
CSX Transportation Inc.
Dayton Power & Light
Environmine Inc
Fifth Third Leasing Company
Flomin Coal Inc.
GE Capital TMS
I.B.M. Corp.
Industrial Supply Solutions Inc.
J. H. Fletcher & Co.
Jabo Supply Corp
Jennmar Corporation
JMAC Leasing Inc
Joy Mining Machinery
Komatsu Financial Limited Partnership
Logan Corp.
Longwall Associates, Inc.
Mine Equipment & Mill Supply Co.
Monk Mining Supply, Inc.
Nelson Brothers LLC
Penn Virginia Operating Co LLC
Phillips 66 Receivable
Powell Construction Co., Inc.
Raleigh Mine & Industrial
RBS Asset Finance, Inc.
Richard Whiting
Rish Equipment Co.
SGS North America Inc.
Shonk Land Company LLC
Somerset Capital Group, Ltd.
Suncrest Resources LC
United Central Industrial Supply
United Leasing, Inc.
U.S. Bank National Association
Wilmington Trust Company

*Utilities*

Allegheny Power
American Electric Power
Aquis Communications
AT&T
AT&T Mobility
AT&T Teleconference Services
Buffalo Creek PSD
City of Morganfield
City of Uniontown
Citynet, LLC
Clay-Battelle Public Service District
Dish Network

Dominion Hope
Eldon Gas Company
Fiberlink Communications Corp.
Frontier
Henderson County Water District
Huntington Technology Group Inc.
Kanawha Public Service District
Kenergy Corp.
Kentucky Utilities Co
Lumos Networks Inc
Monongahela Power Company
Mountaineer Gas
Ohio Valley Answering Service
Q Wireless LLC
Rea Energy Cooperative Inc
Republic Services
SouthEastern Illinois Electric
Suddenlink
Tangoe Inc
Telemax Services
Time Warner Cable
Union County Water District
US Cellular
Valley Falls Public Service Dist
Verizon
Verizon North
Waste Management of WV, Inc.
West Penn Power Company
West Side Telecommunications
West Virginia American Water Co
Windstream

*Notice of Appearance Parties*

GE Energy and GE International
United States Steel Corporation
Hanson Aggregates Davon, LLC
Dickinson Properties Limited Partnership
Quincy Coal Company
Branch Banking & Trust Company
Union Pacific Railroad Company
Banc of America Leasing & Capital, LLC
Continental Crushing & Conveying, Inc.
UMWA 1993 Benefit Plan & Trust
UMWA Combined Benefit Fund
Icon Capital Corp.
Whayne Supply Company
Westchester Surplus Lines Insurance Company
Illinois Union Insurance Company
Hope Gas, Inc., d/b/a Dominion Hope
Bridgestone Americas Tire Operations, LLC
Patricia Willits, William G. Parrott, Jr., and the PPW
   Royalty Trust
SITEX Corporation
Environmental Resources Management Consulting
   Company, LLC

Security America, Inc.
Kanawha Scales & Systems, Inc.

***Professionals Representing Any of the Foregoing in
  Relation to Patriot***

Cleary, Gottleib, Steen & Hamilton LLP
Latham & Watkins LLP
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Weil, Gotshal & Manges

*Creditors' Committee Members*

Wilmington Trust Company
U.S. National Bank Association, N.A.
United Mine Workers of America
UMWA 1974 Pension Plan and Trust
Gulf Coast Capital Partners, LLC
Cecil Walker Machinery
American Electric Power

9

# **SCHEDULE 2**

**CONFLICT CHECK RESULTS**

| HL Professionals | |
|---|---|
| **Other Relationships** | |
| **Interested Party** | **Description** |
| Joy Mining Machinery / Joy Technologies | Eric Siegert sits on the board of directors of Joy Global |
| **Corporate Finance** | |
| **Active Engagements** | |
| **Interested Party** | **Description** |
| Blue Cross Blue Shield | Buyer Representation |
| Goldman Sachs | Exclusive Sale |
| **Corporate Finance** | |
| **Dead / Closed Engagements*** | |
| **Interested Party** | **Description** |
| B.R. Brown | Exclusive Sale |
| Black Rock, Inc. | Financing |
| Black Rock, Inc. | Exclusive Sale |
| United States Steel Company | Exclusive Sale |
| United States Steel Company | Exclusive Sale |
| United States Steel Company | Exclusive Sale |
| **Financial Advisory Services** | |
| **Active Engagements** | |
| **Interested Party** | **Description** |
| AT&T | Fairness Opinion |
| B.R. Brown | Litigation |
| B.R. Brown | Litigation |
| Citigroup Global Markets Inc. | Portfolio Valuation |
| General Electric Capital Corporation | Fairness Opinion |
| General Electric Capital Corporation | Portfolio - Auto Structured Product |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Greenberg & Traurig | Litigation |
| Greenberg & Traurig | Litigation |
| Nuveen | Portfolio Valuation |
| Pinebridge | Portfolio Valuation |
| Santander Investment Securities, Inc. | Goodwill/Asset Impairment |
| SNR Denton | Tax |
| Third Point | Portfolio Valuation |
| UBS | Collateral Valuation |
| Verizon | Solvency |

## Dead / Closed Engagements*

| Interested Party | Description |
|---|---|
| Arnold & Porter LLP | Estate & Gift Tax |
| Arnold & Porter LLP | Estate & Gift Tax |
| B.R. Brown | Litigation |
| Berkley | ESOP Update |
| Berkley | ESOP Update |
| Berkley | ESOP Update |
| Chartis | FMV Non-Transaction Based Opinion |
| General Electric Capital Corporation | Portfolio - Auto Structured Product |
| General Electric Capital Corporation | Portfolio - Auto Structured Product |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Portfolio Valuation |
| Goldman Sachs | Transaction Advisory Services |
| Jones, Jacquelyn A.; Jones, John R | Transaction Advisory Services |
| Northwestern Mutual | Non-Transaction Based Opinion |
| Pinebridge | Portfolio Valuation |
| Santander Investment Securities, Inc. | Goodwill/Asset Impairment |
| Santander Investment Securities, Inc. | Goodwill/Asset Impairment |
| SNR Denton | FMV Transaction Based Opinion |
| Societe Generale | FMV Non-Transaction Based Opinion |
| Third Point | Portfolio Valuation |

## Financial Restructuring Group

### Active Engagements

| Interested Party | Description |
|---|---|
| BlackRock, Inc. | Creditor Advisory |
| Fifth Third Bank | Creditor Advisory |
| Goldman Sachs | Creditor Advisory |
| Latham & Watkins LLP | Creditor Advisory |
| Latham & Watkins LLP | Creditor Advisory |
| Societe Generale | Creditor Advisory |
| U.S. Bank National Association | DM&A Sellside |
| UBS | Creditor Advisory |

### Dead / Closed Engagements*

| Interested Party | Description |
|---|---|
| Citigroup Global Markets Inc. | Creditor Advisory |
| Goldman Sachs | Creditor Advisory |
| Goldman Sachs | Creditor Advisory |
| Goldman Sachs | Creditor Advisory |
| Goldman Sachs | Creditor Advisory |
| Greenberg & Traurig | Creditor Advisory |
| Latham & Watkins LLP | Creditor Advisory |
| The Vanguard Group | Creditor Advisory |
| U.S. Bank National Association | Creditor Advisory |
| U.S. Bank National Association | Creditor Advisory |
| U.S. Bank National Association | Creditor Advisory |
| Weil, Gotshal & Manges | Creditor Advisory |
| Weil, Gotshal & Manges | Creditor Advisory |

| Wilmington Trust Company | Creditor Advisory |
|---|---|
| Wilmington Trust Company | Creditor Advisory |
| Wilmington Trust Company | Creditor Advisory |
| Wilmington Trust Company | Creditor Advisory |

| **Financial Restructuring Group** | |
|---|---|
| **Dead / Closed Engagements*** | |
| **Interested Party** | **Description** |
| Barclays Capital Inc. | Creditor Advisory |
| U.S. Bank National Association | DM&A Sellside |

\* Denotes dead or closed engagements within the past two years