UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PATRIOT COAL CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 12-51502-659<br>(Jointly Administered)<br><br>Re:  ECF No. 4417, 4442 |

### SUPPLEMENTAL DIP FINANCING ORDER AUTHORIZING, PURSUANT TO 11 U.S.C §§ 363 AND 364, (I) AMENDMENT TO THE DIP FINANCING, (II) ENGAGEMENT OF THE FIRST OUT DIP AGENT IN CONNECTION THEREWITH, (III) PAYMENT OF FEES RELATED THERETO, AND (IV) WAIVER OF BANKRUPTCY RULE 6004(h) STAY

Upon the motion (the "**Motion**")[2] of Patriot Coal Corporation and its subsidiaries that are Debtors and Debtors in Possession in these cases (collectively, the "**Debtors**"), pursuant to Sections 363 and 364 of the Bankruptcy Code, seeking entry of an order supplementing the *Final Order (i) Authorizing Debtors (a) to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e), and (b) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363 and (ii) Granting Adequate Protection to Pre-Petition Secured Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364* [ECF No. 275] (the "**DIP Financing Order**") by (1) authorizing the Debtors' entry into the Amendment and approving the terms thereof,

---

[1] The Debtors are the entities listed on Schedule 1 attached hereto.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' Chapter 11 petitions.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

(2) authorizing the Debtors' engagement of the First Out DIP Agent to arrange for consent to the Amendment by the requisite First Out DIP Lenders, (3) authorizing the Debtors' payment of the Amendment Fees, and (4) waiving, to the extent applicable, the fourteen-day stay otherwise imposed by Federal Bankruptcy Rule 6004(h) on the immediate effectiveness of the Proposed Supplemental DIP Financing Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding that the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

      IT IS FOUND, DETERMINED, ORDERED, AND ADJUDGED, that:

      1.     Pursuant to Sections 363 and 364 of the Bankruptcy Code, the Motion is granted in its entirety as set forth herein.

      2.     Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

3. The DIP Financing Order shall be deemed supplemented by this Order and the Amendment and the DIP Financing Order, as supplemented hereby, shall continue in full force and effect.

4. The terms of the Amendment Documents are fair and reasonable, in the best interests of the Debtors, their estates and all stakeholders in these proceedings, and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

5. The Amendment Documents (including, without limitation, the engagement letter executed in connection therewith) are hereby authorized and approved in all respects and the Debtors are hereby authorized and empowered to perform and take all actions necessary to make, execute and deliver the Amendment Documents, including, without limitation, to pay the Amendment Fees and to take any other actions necessary to implement the relief granted in this Order.

6. The Amendment has been negotiated in good faith and at arm's-length among the Debtors and the First Out DIP Agent, and all of the Debtors' obligations and indebtedness arising under, in respect of or in connection with the Amendment, including, without limitation, the obligation to pay the Amendment Fees, have been incurred in good faith as that term is used in Section 364(e) of the Bankruptcy Code. In accordance with Section 364(e) of the Bankruptcy Code, in the event that any or all of the provisions of this Order, the DIP Financing Order or any Amendment Document are hereinafter modified, amended or vacated by a subsequent order of this Court or any other court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien, claim, or expense authorized or created hereby or

3

thereby.  Notwithstanding any such modification, amendment, or vacation, any claim or right of payment granted to the DIP Agents and/or the DIP Lenders hereunder or under any DIP Document (as defined in the DIP Financing Order) arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Order, the DIP Financing Order, the Amendment Documents, and the other DIP Documents (as defined in the DIP Financing Order), as applicable, and the DIP Agents and the DIP Lenders, as the case may be, shall be entitled to all of the rights, remedies, privileges, and benefits, including, without limitation, the liens and priorities granted herein and therein, as applicable, with respect to any such claim or right of payment.

7. All obligations of the Debtors arising in connection with the Amendment shall be deemed a part of the DIP Financing under the DIP Financing Order.  Without limiting the generality of the foregoing (a) for all obligations and indebtedness arising under the Amendment, the DIP Agents and the DIP Lenders are granted each and every right granted to the DIP Agents and the DIP Lenders under the DIP Financing Order and (b) nothing herein adversely affects the rights granted to the DIP Agents and the DIP Lenders or any other secured creditor under the DIP Financing Order, which rights shall continue in full force and effect and shall be deemed applicable to the Amendment to the same extent applicable to the DIP Financing.  Consistent with and not in any way limiting the foregoing, (a) the definitions of "**DIP Credit Agreement**" and "**DIP Documents**" contained in the DIP Financing Order shall be deemed to include the Amendment, and all other agreements, documents, notes and instruments executed or delivered pursuant hereto or thereto or in connection herewith or therewith, (b) the

4

definition of "**DIP Obligations**" contained in the DIP Financing Order shall be deemed to include all obligations and indebtedness arising under, in respect of or in connection with the Amendment (including, without limitation, all "**Obligations**" as defined in the DIP Credit Agreements, as amended in the Amendment) and this Order, and (c) all liens, security interests, priorities and other rights, remedies, benefits, privileges and protections provided in the DIP Financing Order with respect to or relating to the DIP Credit Agreements and the DIP Financing shall apply with equal force and effect to the Amendment and all obligations in connection therewith or related thereto.

8. Notwithstanding anything herein or in the Amendment to the contrary, the execution, delivery and effectiveness of the Amendment shall not, except as expressly provided herein or in the Amendment, operate as a waiver of any right, power or remedy of the First Out DIP Lenders or the First Out DIP Agent under any of the Loan Documents (as defined in the First Out DIP Credit Agreement) or any right, power or remedy of the Second Out Term Secured Parties under the Second Out Loan Documents (as defined in the Security Agreement), nor constitute a waiver or amendment of any other provision of any of the Loan Documents or the Second Out Loan Documents or for any purpose except as expressly set forth herein or in the Amendment.

9. In accordance with the Second Out DIP Credit Agreement and section 10.05(b) of the Security Agreement (as defined in the DIP Financing Order), the specific modifications and waivers granted by the First Out DIP Agent pursuant to the Amendment are hereby deemed to be incorporated by reference into the Second Out DIP Credit Agreement.

10. The Amendment and the provisions of this Order shall be binding upon the DIP Agents, the DIP Lenders and the Debtors and their respective successors and assigns (including any Chapter 7 or Chapter 11 trustee hereinafter appointed or elected for the estates by any of the Debtors) and inure to the benefit of the DIP Agents, the DIP Lenders and the Debtors and their respective successors and assigns.

11. The fourteen-day stay otherwise imposed pursuant to Federal Bankruptcy Rule 6004(h) is hereby expressly waived and the terms of this Order shall be immediately effective upon entry.

12. In the event of any inconsistency between the provisions of the Motion, the Amendment and this Order, the provisions of this Order shall govern.

13. This Court shall have exclusive jurisdiction with respect to any and all disputes or matters under, or arising out of or in connection with, the DIP Documents, the DIP Financing Order or this Order.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: August 21, 2013
St. Louis, Missouri
jjh

**Order prepared by:**
Marshall S. Huebner
Damian S. Schaible
Brian M. Resnick
Michelle M. McGreal
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017