## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**PATRIOT COAL CORPORATION**, *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br>**Case No. 12-51502-659**<br>**(Jointly Administered)**<br><br>**Objection Deadline:**<br>**November 18, 2013 at 9:00 a.m.**<br>**(prevailing Central Time)**<br><br>**Hearing Date:**<br>**November 19, 2013 at 10:00 a.m.**<br>**(prevailing Central Time)**<br><br>**Hearing Location:**<br>**Courtroom 7 North** |

### NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 363, 365 AND 105(a) AUTHORIZING ENTRY INTO AN AGREEMENT WITH ALLIANCE TO ASSIGN CERTAIN LEASE INTERESTS AND SELL PROPERTY FREE AND CLEAR

PLEASE TAKE NOTICE that this motion is scheduled for hearing on November 19, 2013, at 10:00 a.m. (prevailing Central Time), in Bankruptcy Courtroom Seventh Floor North, in the Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102.

**WARNING: ANY RESPONSE OR OBJECTION TO THIS MOTION MUST BE FILED WITH THE COURT BY 9:00 A.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 18, 2013. A COPY MUST BE PROMPTLY SERVED UPON THE UNDERSIGNED. FAILURE TO FILE A TIMELY RESPONSE MAY RESULT IN THE COURT GRANTING THE RELIEF REQUESTED PRIOR TO THE HEARING DATE.**

---

[1] The Debtors are the entities listed on Schedule 1 attached hereto. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§  363, 365 AND 105(a) AUTHORIZING ENTRY INTO AN
AGREEMENT WITH ALLIANCE TO ASSIGN CERTAIN LEASE
INTERESTS AND SELL PROPERTY FREE AND CLEAR**

Patriot Coal Corporation and its subsidiaries that are debtors and debtors in

possession in these proceedings (collectively, the "**Debtors**"), hereby submit this motion (the

"**Motion**"), pursuant to Sections 363, 365 and 105(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), for entry of an order[2] (i) authorizing entry into an agreement among

(a) the Debtors and (b) Alliance Resource Properties, LLC and Alliance Resource Partners, L.P.

(together, "**Alliance**") on the terms and conditions summarized herein (the "**Alliance

Transaction**") and (ii) authorizing the Debtors to take and perform such actions as may be

necessary or appropriate to implement and effectuate the Alliance Transaction.  In support of this

Motion, the Debtors respectfully state as follows:

## Background

1.       On July 9, 2012 (the "**Petition Date**"), each Debtor other than Brody Mining,

LLC and Patriot Ventures LLC (collectively, the "**Initial Debtors**") commenced with the United

States Bankruptcy Court for the Southern District of New York (the "**SDNY Bankruptcy

Court**") a voluntary case under chapter 11 of the Bankruptcy Code.  On December 19, 2012, the

SDNY Bankruptcy Court entered an order transferring the Initial Debtors' chapter 11 cases to

this Court (the "**Transfer Order**") [ECF No. 1789].  Subsequently, Brody Mining, LLC and

Patriot Ventures LLC (together, the "**New Debtors**") each commenced its chapter 11 case by

filing a petition for voluntary relief with this Court on September 23, 2013.  The Debtors are

---

[2] A copy of the proposed order granting the relief requested in the Motion (the "**Proposed Order**") will be
provided to the Core Parties (as defined below), Alliance and the lessors listed on Schedule A and Schedule B
hereto.  A copy of the Proposed Order will be made available at *www.patriotcaseinfo.com/orders.php*.

2

authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The Initial Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Joint Administration Order entered on July 10, 2012 [ECF No. 30], and the New Debtors' cases are being jointly administered with the Initial Debtors' cases pursuant to Bankruptcy Rule 1015(b) and the Order Directing Joint Administration of Chapter 11 Cases entered by this Court on September 27, 2013 in each of the New Debtors' chapter 11 cases.

2.      Pursuant to that certain term sheet dated as of November 5, 2013 (the "**Alliance Term Sheet**"),[3] the Debtors have reached an agreement with Alliance to convey their interests in certain surplus owned and leased coal reserves in Western Kentucky for $6.5 million in up-front cash consideration along with future royalty payments.  The Debtors estimate that the Alliance Transaction will potentially provide between $11.1 million and $15 million of aggregate value, on a discounted basis, to the Debtors and their estates.  Further, the Debtors believe it is not profitable or practical for them to mine the coal reserves being sold pursuant to the Alliance Transaction and, with respect to certain properties, the Debtors are unable to mine the coal due to geological constraints.  Instead, the Debtors and their estates will be able to realize significant value from these reserves by selling them to Alliance through consummation of the Alliance Transaction.  The Debtors also submit that, due primarily to geographical considerations, Alliance is the only natural counterparty that would be willing and able to provide meaningful value to the Debtors in exchange for the coal reserves subject to the Alliance Transaction.  Although the Debtors believe that the Alliance Transaction is being conducted in the ordinary course of business, the Debtors seek court approval out of an abundance of caution.

---

[3] The Alliance Term Sheet will be provided to the Core Parties in advance of the hearing on the Motion.

## Jurisdiction

3.        This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be heard and

determined by the Bankruptcy Court.  Venue is proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409.

## Summary of the Alliance Transaction[4]

4.        The following summarizes the key terms of the Alliance Transaction:

(a)        The Debtors will sell and convey to Alliance, free and clear of all liens, claims, encumbrances and other interests, the Debtors' coal interests in the Perimeter Area #7, #9 and #11 seams (the "**Perimeter Area**") and #11 Seam Area (the "**#11 Seam Area**"), in and adjacent to the Debtors' Highland area mine, consisting of approximately (i) 15 million SEC Recoverable Tons[5] of leased coal reserves, (ii) 15.7 million non-SEC Recoverable Tons of leased coal reserves and (iii) 6.9 million SEC Recoverable Tons of owned coal reserves (collectively, the "**Highland Sale**");

(b)        In respect of the Highland Sale, Alliance will pay the Debtors (i) $5 million in cash and (ii) an overriding royalty of 1% on coal mined in excess of 7.0 million tons from the coal reserves subject to the Highland Sale;

(c)        The Debtors will sell and convey to Alliance, free and clear of all liens, claims, encumbrances and other interests, the Debtors' coal interests in approximately 10.8 million SEC Recoverable Tons of leased coal reserves from the #7, #9 and #11 seams at the Debtors' Highland area mine (the "**Potter Release Area**") in exchange for an overriding royalty of $0.15 per ton mined from the Potter Release Area (the "**Potter Sale**");

(d)        The Debtors will sell and convey to Alliance, free and clear of all liens, claims, encumbrances and other interests, the Debtors' coal interests in approximately 4.4 million SEC Recoverable Tons of owned, non-contiguous coal reserves from the #9 seam in the Gryphon area just to the

---

[4] Any description or summary of the Alliance Transaction in this Motion is qualified in all respects by reference to the Alliance Term Sheet and, if there is any inconsistency between this Motion and the Alliance Term Sheet, the Alliance Term Sheet shall govern.

[5] SEC Recoverable Tons are defined by U.S. Securities and Exchange Commission Industry Guide 7.

4

southwest of the Debtors' Bluegrass mining complex (the "**Gryphon Area**")[6] in exchange for (i) $1.5 million in cash and (ii) an overriding royalty of 4.0% on coal mined in excess of 1.5 million tons from such property (the "**Gryphon Sale**").

## Relief Requested

5.     By this Motion, the Debtors seek entry of the Proposed Order authorizing the Debtors to (i) enter into the Alliance Transaction and (ii) granting such other and further relief as is just and proper.

## Basis for Relief

**A.     The Debtors' Entry into the Alliance Transaction Reflects the Sound Exercise of the Debtors' Business Judgment.**

6.     Section 363(b) of the Bankruptcy Code provides, in relevant part, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Although Section 363(b) of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale, disposition or other use of a debtor's assets, courts in the Eighth Circuit and elsewhere, in applying this Section, have required that such an action be based upon the sound business judgment of the debtor.  *See In re Farmland Indus. Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (approving an amendment to the debtors' post-petition financing credit agreement as an exercise of sound and reasonable business judgment); *In re Food Barn Stores, Inc.*, 107 F.3d 558, 567 n.16 (8th Cir. 1997) ("[w]here the [debtor's] request is not manifestly unreasonable or made in bad faith, the court should normally grant approval 'as long as the proposed action appears to enhance the debtor's estate'" (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985))); *In re Farmland Indus. Inc.*, 294 B.R. 903, 913 (Bankr. W.D.

---

[6] The Perimeter Area, #11 Seam Area, Potter Release Area and Gryphon Area, collectively, shall be referred to as the "**Alliance Transaction Property**."

Mo. 2003) (approving the rejection of employment agreements and noting that "[u]nder the

business judgment standard, the question is whether the [proposed action] is in the Debtors' best

economic interests, based on the Debtors' best business judgment in those circumstances"

(citations omitted)); *see also Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v.*

*LTV Corp. (In re Chateauguay Corp.)*, 973 F.2d 141 (2d Cir. 1992) (holding that a judge

reviewing a Section 363(b) application must find from the evidence presented a good business

reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel*

*Corp.)*, 722 F.2d 1063 (2d Cir. 1983) (same); *In re Chrysler LLC*, 405 B.R. 84 (Bankr. S.D.N.Y.

2009), *aff'd Ind. State Police Pension Trust v. Chrysler LLC (In re Chrysler LLC)*, 576 F.3d 108

(2d Cir. 2009) (same); *In re Gen. Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009) (same).

        7.      By this Motion, the Debtors are also seeking to assign (i) portions of certain coal

leases as set forth on Schedule A hereto (Partial Lease Assignments) and (ii) certain coal leases

in whole as set forth on Schedule B hereto (Full Lease Assignments), in each case that were

previously assumed by the Debtors, to Alliance pursuant to Section 365 of the Bankruptcy Code

(collectively, the "**Assigned Lease Interests**").  The Debtors are not seeking to override the

consent provisions in any of the leases governing the Assigned Lease Interests.  The Debtors

either (a) expect to receive consent from the relevant lessor to assign the Assigned Lease

Interests prior to consummation of the Alliance Transaction or (b) have the right under the

applicable lease to assign the Assigned Lease Interests without consent of the relevant lessor.

Accordingly, none of the relevant lessors will be prejudiced by the relief requested in this

Motion.

        8.      A strong presumption attaches to a debtor's business decision that the debtor

"acted on an informed basis, in good faith and in the honest belief that the action taken was in the

best interests of the company." *Official Comm. of Sub. Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1990) (holding that the Delaware business judgment rule has "vitality by analogy" in chapter 11); *see also In re Pilgrim's Pride Corp.*, 401 B.R. 229, 237 (Bankr. N.D. Tex. 2009) ("[I]f a valid business reason is shown for the transaction, the transaction is presumed appropriate."). The business judgment rule is "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." *Integrated Res., Inc.*, 147 B.R. at 656 (citations omitted). Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence. *Id.*

9.      The Debtors respectfully submit that entry into the Alliance Transaction represents a sound exercise of their business judgment and is supported by valid business justifications. The Debtors expect to receive between approximately $11.1 million and $15 million in value, on a discounted basis, from the Alliance Transaction.

10.     The Debtors will receive $5 million in cash and an overriding royalty of 1% on coal mined in excess of 7.0 million tons as consideration for the sale of their interests in certain leased and owned coal reserves pursuant to the Highland Sale (the "**Highland Property**"), including the sale of coal reserves in the Perimeter Area. The Perimeter Area is not accessible by the Debtors due to geological constraints and, accordingly, the Debtors are unable to realize any value from mining the Perimeter Area. The Debtors' entry into the Alliance Transaction will allow them to transfer the Perimeter Area for substantial consideration to Alliance, another mining company that is able to mine the subject coal reserves.

11.     The Debtors' sale of their coal mining interests in the Highland Property also includes a transfer of the #11 Seam Area coal reserves to Alliance.  The Debtors' ability to mine the #11 Seam Area coal reserves has been significantly reduced over time due to adjacent mining projects at the Debtors' Highland mine, which generally preclude concurrent operations in the #11 Seam Area.  The Debtors' expect their mining operations in the adjacent areas to continue for at least the next 20 years.  Alliance has current mining operations and infrastructure in the #11 Seam Area with contiguous property to the #11 Seam Area.  Therefore, the Debtors believe they will receive significantly more value by conveying their interests in the #11 Seam Area through the Alliance Transaction as opposed to attempting to mine the coal reserves themselves.

12.     Pursuant to the Potter Sale, the Debtors will convey their interests in approximately 10.8 million tons of leased coal reserves from the Potter Release Area to Alliance in exchange for an overriding royalty of $0.15 per ton mined.  Under the lease governing the Debtors' interests in the Potter Release Area, the Debtors have a good faith obligation to release approximately 10.8 million tons back to the lessor if the property was not part of the Debtors' mining plans by the end of 2012.  The Potter Sale will allow the Debtors to realize value from the Potter Release Area instead of releasing the coal reserves to the lessor.  In addition, like the Highland Property, the Potter Release Area is not accessible by the Debtors due to geological constraints and, accordingly, the Debtors are unable to realize any value from mining the Potter Release Area.

13.     Pursuant to the Gryphon Sale, the Debtors will transfer to Alliance approximately 4.4 million tons of owned coal reserves in exchange for $1.5 million in cash and an overriding royalty of 4.0% on coal mined in excess of 1.5 million tons.  The coal reserves comprising the Gryphon Area correspond to Alliance's future mining plans, and the Debtors determined that

8

they will be able to generate more value from selling their interests in the Gryphon Area pursuant to the Gryphon Sale than if they were to mine the coal themselves.

14. Accordingly, the Debtors respectfully submit that the entry into the Alliance Transaction represents a sound exercise of their business judgment and is supported by a valid business justification. As discussed above, the Alliance Transaction will permit the Debtors to achieve immediate cash consideration and future royalty payments in exchange for transferring their interests in certain surplus coal reserves that the Debtors are (i) either unable to mine or (ii) can receive more value from selling as opposed to mining themselves. Accordingly, although the Debtors believe that the Alliance Transaction is being conducted in the ordinary course of business, the Debtors believe that entry into the Alliance Transaction should be approved by the Court out of an abundance of caution.

**Waiver of Bankruptcy Rules 6004(a) and (h)**

15. To implement the foregoing immediately and to the extent applicable, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**No Prior Request**

16. No prior motion for the relief requested herein has been made to this Court or any other court.

**Notice**

17. Consistent with the Order Establishing Certain Notice, Case Management and Administrative Procedures entered on March 22, 2013 [ECF No. 3361] (the "**Case Management Order**") the Debtors will serve notice of this Motion on (i) the Core Parties (as defined in the Case Management Order), (ii) Alliance and (iii) the lessors listed on Schedule A and Schedule B hereto. All parties who have requested electronic notice of filings in these cases through the

9

Court's ECF system will automatically receive notice of this motion through the ECF system no later than the day after its filing with the Court. A copy of this Motion and any order approving it will also be made available on the Debtors' Case Information Website (located at *www.patriotcaseinfo.com*). A copy of the Proposed Order is available at *www.patriotcaseinfo.com/orders.php* (the "**Patriot Orders Website**"). The Proposed Order may be modified or withdrawn at any time without further notice. If any significant modifications are made to the Proposed Order, an amended Proposed Order will be made available on the Patriot Orders Website, and no further notice will be provided. In light of the relief requested, the Debtors submit that no further notice is necessary. Pursuant to paragraph 14 of the Case Management Order, if no objections are timely filed and served in accordance therewith, the relief requested herein may be entered without a hearing.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court enter an order granting the relief requested herein and such other and further relief as is

just and proper.

Dated:   November 12, 2013
       New York, New York

                                          Respectfully submitted,

                                          DAVIS POLK & WARDWELL LLP

                                          */s/ Brian M. Resnick*
                                          Marshall S. Huebner
                                          Elliot Moskowitz
                                          Brian M. Resnick
                                          Michelle M. McGreal
                                          450 Lexington Avenue
                                          New York, New York 10017
                                          Telephone: (212) 450-4000
                                          Facsimile:  (212) 607-7983

                                          *Counsel to the Debtors*
                                          *and Debtors in Possession*

                                          -and-

                                          BRYAN CAVE LLP
                                          Lloyd A. Palans, #22650MO
                                          Brian C. Walsh, #58091MO
                                          Laura Uberti Hughes, #60732MO
                                          One Metropolitan Square
                                          211 N. Broadway, Suite 3600
                                          St. Louis, Missouri 63102
                                          Telephone:  (314) 259-2000
                                          Facsimile:  (314) 259-2020

                                          *Local Counsel to the Debtors*
                                          *and Debtors in Possession*

**SCHEDULE 1**
(Debtor Entities)

| | |
|---|---|
| 1. Affinity Mining Company | 52. KE Ventures LLC |
| 2. Apogee Coal Company, LLC | 53. Little Creek LLC |
| 3. Appalachia Mine Services, LLC | 54. Logan Fork Coal Company |
| 4. Beaver Dam Coal Company, LLC | 55. Magnum Coal Company LLC |
| 5. Big Eagle, LLC | 56. Magnum Coal Sales LLC |
| 6. Big Eagle Rail, LLC | 57. Martinka Coal Company, LLC |
| 7. Black Stallion Coal Company, LLC | 58. Midland Trail Energy LLC |
| 8. Black Walnut Coal Company | 59. Midwest Coal Resources II, LLC |
| 9. Bluegrass Mine Services, LLC | 60. Mountain View Coal Company, LLC |
| 10. Brody Mining, LLC | 61. New Trout Coal Holdings II, LLC |
| 11. Brook Trout Coal, LLC | 62. Newtown Energy, Inc. |
| 12. Catenary Coal Company, LLC | 63. North Page Coal Corp. |
| 13. Central States Coal Reserves of Kentucky, LLC | 64. Ohio County Coal Company, LLC |
| 14. Charles Coal Company, LLC | 65. Panther LLC |
| 15. Cleaton Coal Company | 66. Patriot Beaver Dam Holdings, LLC |
| 16. Coal Clean LLC | 67. Patriot Coal Company, L.P. |
| 17. Coal Properties, LLC | 68. Patriot Coal Corporation |
| 18. Coal Reserve Holding Limited Liability Company No. 2 | 69. Patriot Coal Sales LLC |
| 19. Colony Bay Coal Company | 70. Patriot Coal Services LLC |
| 20. Cook Mountain Coal Company, LLC | 71. Patriot Leasing Company LLC |
| 21. Corydon Resources LLC | 72. Patriot Midwest Holdings, LLC |
| 22. Coventry Mining Services, LLC | 73. Patriot Reserve Holdings, LLC |
| 23. Coyote Coal Company LLC | 74. Patriot Trading LLC |
| 24. Cub Branch Coal Company LLC | 75. Patriot Ventures LLC |
| 25. Dakota LLC | 76. PCX Enterprises, Inc. |
| 26. Day LLC | 77. Pine Ridge Coal Company, LLC |
| 27. Dixon Mining Company, LLC | 78. Pond Creek Land Resources, LLC |
| 28. Dodge Hill Holding JV, LLC | 79. Pond Fork Processing LLC |
| 29. Dodge Hill Mining Company, LLC | 80. Remington Holdings LLC |
| 30. Dodge Hill of Kentucky, LLC | 81. Remington II LLC |
| 31. EACC Camps, Inc. | 82. Remington LLC |
| 32. Eastern Associated Coal, LLC | 83. Rivers Edge Mining, Inc. |
| 33. Eastern Coal Company, LLC | 84. Robin Land Company, LLC |
| 34. Eastern Royalty, LLC | 85. Sentry Mining, LLC |
| 35. Emerald Processing, L.L.C. | 86. Snowberry Land Company |
| 36. Gateway Eagle Coal Company, LLC | 87. Speed Mining LLC |
| 37. Grand Eagle Mining, LLC | 88. Sterling Smokeless Coal Company, LLC |
| 38. Heritage Coal Company LLC | 89. TC Sales Company, LLC |
| 39. Highland Mining Company, LLC | 90. The Presidents Energy Company LLC |
| 40. Hillside Mining Company | 91. Thunderhill Coal LLC |
| 41. Hobet Mining, LLC | 92. Trout Coal Holdings, LLC |
| 42. Indian Hill Company LLC | 93. Union County Coal Co., LLC |
| 43. Infinity Coal Sales, LLC | 94. Viper LLC |
| 44. Interior Holdings, LLC | 95. Weatherby Processing LLC |
| 45. IO Coal LLC | 96. Wildcat Energy LLC |
| 46. Jarrell's Branch Coal Company | 97. Wildcat, LLC |
| 47. Jupiter Holdings LLC | 98. Will Scarlet Properties LLC |
| 48. Kanawha Eagle Coal, LLC | 99. Winchester LLC |
| 49. Kanawha River Ventures I, LLC | 100. Winifrede Dock Limited Liability Company |
| 50. Kanawha River Ventures II, LLC | 101. Yankeetown Dock, LLC |
| 51. Kanawha River Ventures III, LLC | |

### SCHEDULE A
(Partial Lease Assignments)

| Contract ID# | Lessor | Debtor/Lessee | Original Lease Date | Coal Seams | Tracts |
|---|---|---|---|---|---|
| 1540-002-00 | Potter Family, LLC | Central States Coal Reserves of Ky., LLC | 9/13/1957 | All | Some |
| 1545-002-00 | Potter Grandchildren, LLC | Central States Coal Reserves of Ky., LLC | 9/13/1957 | All | Some |
| 1540-019-00 | Lamar | Heritage Coal Company LLC | 7/31/1990 | #9 Seam | Some |
| 1540-019XX-00 | Lamar | Highland Mining Company, LLC | 9/4/2001 | #9 Seam | Some |
| 2079-016-00 | Judy A. Coburn, et ux | Highland Mining Company, LLC | 12/21/2001 | #11 Seam | All |
| 2079-016-01 | Kenneth R. Hicks, et ux | Highland Mining Company, LLC | 1/4/2002 | #11 Seam | All |
| 2079-016-02 | Sarah M. G. DeWan, et vir | Highland Mining Company, LLC | 1/11/2002 | #11 Seam | All |
| 2079-033-00 | Rbt. Davis, Inc. | Highland Mining Company, LLC | 9/27/1995 | #11 Seam | All |
| 2079-049-00 | Scott Farms | Highland Mining Company, LLC | 2/20/2002 | #11 Seam | All |
| 2079-050-00 | Timothy S. Miller, T'ee of the Drura Scott Irrev. Trust Agr, et al | Highland Mining Company, LLC | 2/20/2003 | #11 Seam | All |
| 2079-054-00 | D. Hollerbach | Highland Mining Company, LLC | 7/3/2003 | #11 Seam | All |
| 2079-056-00 | H. Cokes, T'ee | Highland Mining Company, LLC | 6/12/2003 | #11 Seam | All |
| 2079-057-00 | D. Coale Agr | Highland Mining Company, LLC | 7/24/2003 | #11 Seam | All |
| 2079-058-00 | Bennett Trust | Highland Mining Company, LLC | 7/24/2003 | #11 Seam | All |
| 2079-114-00 | Davis, F., et al | Highland Mining Company, LLC | 8/21/2006 | All | Some |
| 2079-060-00 | G. LeGendre | Highland Mining Company, LLC | 10/20/2003 | #11 Seam | All |
| 2079-065-00 | R. Riley | Highland Mining Company, LLC | 10/11/2003 | #11 Seam | All |
| 2079-068-00 | N. Hagler | Highland Mining Company, LLC | 1/12/2004 | #11 Seam | All |
| 2079-077-00 | R. Hagan | Highland Mining Company, LLC | 4/6/2005 | #11 Seam | All |
| 2079-112-00 | George L. Drury, et ux | Highland Mining Company, LLC | 6/23/2006 | #11 Seam | All |
| 2079-115-00 | K.I.T. Royalty Co. | Highland Mining Company, LLC | 8/9/2006 | #11 Seam | All |
| 2079-116-00 | Michael J. Bullock, et ux | Highland Mining Company, LLC | 1/19/2007 | #11 Seam | All |
| 2079-117-00 | Larry D. Abbott, et ux, et al | Highland Mining Company, LLC | 10/10/2006 | #11 Seam | All |
| 2079-120-00 | Carolyn West, et vir, et al | Highland Mining Company, LLC | 3/28/2007 | #11 Seam | All |
| 2079-121-00 | Katherine A. Powell, unm | Highland Mining Company, LLC | 9/20/2006 | #11 Seam | All |
| 2079-122-00 | George L. Drury, et ux | Highland Mining Company, LLC | 9/29/2006 | #11 Seam | All |
| 2079-123-00 | Phillip R. O'Nan, et ux | Highland Mining Company, LLC | 9/29/2006 | #11 Seam | All |
| 2079-124-00 | Ben T. Waller, et ux | Highland Mining Company, LLC | 10/10/2006 | #11 Seam | All |
| 2079-125-00 | Ben T. Waller, et ux | Highland Mining Company, LLC | 10/17/2006 | #11 Seam | All |
| 2079-126-00 | Sarah M. Settle, et vir | Highland Mining Company, LLC | 12/6/2006 | #11 Seam | All |
| 2079-128-00 | A.G. Mason, et ux | Highland Mining Company, LLC | 11/15/2006 | #11 Seam | All |
| 2079-131-00 | Timothy Fournier, et ux | Highland Mining Company, LLC | 1/12/2007 | #11 Seam | All |
| 2079-134-00 | Maynard Hust, unm | Highland Mining Company, LLC | 2/7/2007 | #11 Seam | All |
| 2079-137-00 | B. Waller | Highland Mining Company, LLC | 3/6/2007 | #11 Seam | All |
| 2079-140-00 | M. Hust | Highland Mining Company, LLC | 4/10/2007 | #11 Seam | All |
| 2079-148-00 | E. Buck | Highland Mining Company, LLC | 4/19/2007 | #11 Seam | All |
| 2079-149-00 | M. Swonder | Highland Mining Company, LLC | 5/4/2007 | #11 Seam | All |
| 2079-151-00 | Ryan Oil Co. | Highland Mining Company, LLC | 5/18/2007 | #11 Seam | All |
| 2079-156-00 | J. Broshears | Highland Mining Company, LLC | 10/3/2007 | #11 Seam | All |
| 2079-156-00 | J. Broshears | Highland Mining Company, LLC | 10/3/2007 | #11 Seam | All |
| 2079-157-00 | Wolfe, Girten | Highland Mining Company, LLC | 7/10/2007 | #11 Seam | All |
| 2079-163-00 | Kiefer, Gruner | Highland Mining Company, LLC | 10/4/2007 | #11 Seam | All |
| 2079-178-00 | C. Fowler | Highland Mining Company, LLC | 3/10/2008 | #11 Seam | All |
| 2079-179-00 | N. Neel | Highland Mining Company, LLC | 3/10/2008 | #11 Seam | All |
| 2079-180-00 | P. O'Brien | Highland Mining Company, LLC | 3/16/2008 | #11 Seam | All |
| 2079-181-00 | E. Tully | Highland Mining Company, LLC | 3/1/2008 | #11 Seam | All |
| 2079-182-00 | R. Alves | Highland Mining Company, LLC | 3/16/2008 | #11 Seam | All |
| 2079-183-00 | G. Waggener, Chapman | Highland Mining Company, LLC | 3/14/2008 | #11 Seam | All |
| 2079-184-00 | Lyle B. Waller, et ux, et al | Highland Mining Company, LLC | 3/31/2008 | #11 Seam | All |
| 2079-185-00 | Charlot Waller Schaffner, et al | Highland Mining Company, LLC | 4/2/2008 | #11 Seam | All |
| 2079-186-00 | Waller Mason, et ux | Highland Mining Company, LLC | 4/16/2008 | #11 Seam | All |
| 2079-191-00 | M. Reusch | Highland Mining Company, LLC | 5/5/2008 | #11 Seam | All |
| 2079-192-00 | M. Kelley | Highland Mining Company, LLC | 5/9/2008 | #11 Seam | All |
| 2079-193-00 | T. Foust | Highland Mining Company, LLC | 5/17/2008 | #11 Seam | All |
| 2079-194-00 | R. Fowler | Highland Mining Company, LLC | 5/10/2008 | #11 Seam | All |

| Contract ID# | Lessor | Debtor/Lessee | Original Lease Date | Coal Seams | Tracts |
|---|---|---|---|---|---|
| 2079-195-00 | C. Fowler | Highland Mining Company, LLC | 5/21/2008 | #11 Seam | All |
| 2079-196-00 | T. Fowler | Highland Mining Company, LLC | 6/11/2008 | #11 Seam | All |
| 2079-197-00 | Eleanor L. Buck, unm | Highland Mining Company, LLC | 10/30/2008 | #11 Seam | All |
| 2079-198-00 | James Broshears, et ux | Highland Mining Company, LLC | 10/28/2008 | #11 Seam | All |
| 2079-203-00 | Roger Mills, et ux, et al | Highland Mining Company, LLC | 12/22/2008 | #11 Seam | All |
| 2079-205-00 | Mary E. Crowdus, et vir | Highland Mining Company, LLC | 1/6/2009 | #11 Seam | All |
| 2079-209-00 | H. Filson Trust | Highland Mining Company, LLC | 3/30/2009 | #11 Seam | All |
| 2079-215-00 | N. Hunter | Highland Mining Company, LLC | 5/27/1969 | #11 Seam | All |
| 2079-217-00 | G.I. Drury, et al | Highland Mining Company, LLC | 7/22/1971 | #11 Seam | All |
| 2079-218-00 | Leslie Hall Wilson, et vir | Highland Mining Company, LLC | 8/29/1973 | #11 Seam | All |
| 2079-221-00 | Antoinette B. Heinze, et vir | Highland Mining Company, LLC | 4/9/1975 | #11 Seam | All |
| 2079-222-00 | Walter J. Piper | Highland Mining Company, LLC | 3/20/1978 | #11 Seam | All |
| 2079-223-00 | Ray Duncan, et ux | Highland Mining Company, LLC | 10/7/1969 | #11 Seam | All |
| 2079-247-00 | Drury, G.I., et al | Highland Mining Company, LLC | 7/12/2010 | All | Some |
| 2079-273-00 | Yunker | Highland Mining Company, LLC | 7/26/2011 | #11 Seam | All |

2

**SCHEDULE B**
(Full Lease Assignments)

| Contract ID# | Lessor | Debtor/Lessee | Original Lease Date | Coal Seams | Tracts |
|---|---|---|---|---|---|
| TBD | J. E. Williams, et al | Central States Coal Reserves of Kentucky, LLC | N/A | #11Only - #11&Below#9 | All |
| TBD | Lamar | Central States Coal Reserves of Kentucky, LLC | N/A | #11Only - #11&Below#9 | All |
| 2079-059-00 | Cokes Trust | Highland Mining Company, LLC | 9/9/2003 | All | All |
| 2079-061-00 | LeGendre, et al | Highland Mining Company, LLC | 10/20/2003 | All | All |
| 2079-066-00 | Riley, R., et al | Highland Mining Company, LLC | 10/11/2003 | All | All |
| 2079-069-00 | Hagler, N., et al | Highland Mining Company, LLC | 1/12/2004 | All | All |
| 2079-168-00 | Hust, M. | Highland Mining Company, LLC | 12/17/2007 | All | All |
| 2079-169-00 | Kennard, et al | Highland Mining Company, LLC | 1/15/2008 | All | All |
| 2079-171-00 | Reetz, etal | Highland Mining Company, LLC | 1/24/2008 | All | All |
| 2079-173-00 | Davis, et al | Highland Mining Company, LLC | 1/25/2007 | All | All |
| 2079-176-00 | Ingram | Highland Mining Company, LLC | 2/15/2008 | All | All |
| 2079-187-00 | Fletcher | Highland Mining Company, LLC | 4/16/2008 | All | All |
| 2079-189-00 | Kennard, et al | Highland Mining Company, LLC | 3/28/2008 | All | All |