UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                              )
                                    )
PATRIOT COAL CORPORATION, *et. al.*,  )     Case No. 12-51502-659
                                    )     Chapter 11
                                    )
            Debtors.                )     Jointly Administered
                                    )     **PUBLISHED**
                                    )

<u>O R D E R</u>

The matter before the Court is the Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Objection of the United Mine Workers of America to Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Objection of the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund and Joinder to the Objection of the United Mine Workers of America to the Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Memorandum of Law in Support of the Objection of the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund and Joinder to the UMWA Objection to the Motion to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Debtors' Objection to the Motion of Peabody Energy Corporation to Reopen Bankruptcy Case Pursuant to Sections 105(A) and 350(B) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Joinder of the Official Committee of Unsecured Creditors to the Objections of the United Mine Workers of America and the Debtors' [sic] to Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Section 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 and Corrected Consolidated Reply in Support of

Peabody Energy Corporation's Motion to Reopen the Debtors' Bankruptcy Case.

A hearing on this matter was originally scheduled for September 22, 2015 and was continued to October 1, 2015 at the request of Peabody Energy Corporation. At the hearing held on October 1, 2015, the parties appeared by counsel and presented oral argument. Based upon a consideration of the record as a whole the Court makes the following **FINDINGS OF FACT**:

On July 9, 2012, Debtor Patriot Coal Corporation and a number of its affiliates (hereinafter collectively "Debtors") filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York (hereinafter "First Patriot Bankruptcy Cases"). These Chapter 11 cases were jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b) as well as the Joint Administration Order entered on July 10, 2012. Debtors were authorized to operate their businesses and manage their properties as Debtors In Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On December 19, 2012, the First Patriot Bankruptcy Cases were transferred to the Bankruptcy Court for the Eastern District of Missouri following the Southern District of New York's Memorandum Decision entered on November 27, 2012, which instructed that the First Patriot Bankruptcy Cases would be transferred.

On or about October 4, 2013, Debtors, Peabody Energy Corporation (hereinafter "Peabody"), United Mine Workers of America (hereinafter "UMWA") on behalf of itself, Debtors' UMWA represented employees (hereinafter "UMWA Employees") by and through UMWA as their authorized representative and Debtors' UMWA represented retirees (hereinafter "UMWA Retirees") by and through UMWA as their authorized representative entered into a settlement agreement (hereinafter "Peabody Settlement Agreement"). The Peabody Settlement Agreement provides for funding of the Patriot Retirees Voluntary Employee Benefit Association (hereinafter "VEBA"), a trust established by UMWA to provide healthcare benefits for thousands of retirees and their families, by Peabody paying $310 million to the VEBA and Debtors over 4 years and to provide credit

support through posting letters of credit or surety.  In exchange the litigation between Debtors and Peabody regarding healthcare obligations for approximately 3,100 retirees and their dependents (hereinafter "Attachment A Retirees"), the investigation into potential causes of action including fraudulent transfer in connection with the spin-off of Patriot from Peabody in 2007 and Lowe v. Peabody Holding Co. litigation that was pending in District Court for the Southern District of West Virginia, between UMWA, some retirees and Peabody alleging violation of ERISA were all resolved.

On October 16, 2013, Debtors filed Notice and Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 1113, and 1114(e) and Fed R. Bankr. P. 9019(a) Approving the Settlement With Peabody Energy Corporation, and the UMWA, on Behalf of Itself and in Its Capacity as Authorized Representative of the UMWA Employees and UMWA Retirees (hereinafter "Peabody Settlement Motion").  In the Peabody Settlement Motion, Debtors stated that "[t]he Peabody Settlement is one of three agreements that are the cornerstones of Debtors' plan of reorganization." Peabody Settlement Motion, ¶ 3.  Debtors also stated the "the Peabody Settlement represents a key component of the Debtors' ability to monetize the VEBA Funding Amount in a manner and amount satisfactory to the UMWA" thereby resolving the remaining issues between Debtors and UMWA.  Peabody Settlement Motion, ¶ 9.  The Peabody Settlement was further described as resolving "the risks and uncertainties created by the parties' ongoing litigation and would help provide the Debtors with necessary liquidity and credit supports to exit chapter 11." Peabody Settlement Motion, ¶ 25.

On November 7, 2013, an Order Authorizing and Approving Pursuant to 11 U.S.C. §§ 105(a), 363(b), 1113, and 1114(e) and Fed R. Bankr. P. 9019(a) the Settlement with Peabody Energy Corporation, and the UMWA, on Behalf of Itself and in Its Capacity as Authorized Representative of the UMWA Employees and UMWA Retirees (hereinafter "Peabody Settlement Order") was entered approving the Peabody Settlement Agreement.  The Peabody Settlement Agreement includes the following language at Paragraph 16.8:

-3-

> For so long as the Chapter 11 Cases remain open, the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising out of or relating to this Settlement Agreement.  The Parties hereby consent to the Bankruptcy Court's entry of a final order with respect to any such dispute. ***After the close of the Chapter 11 Cases***, if the Bankruptcy Court declines to exercise jurisdiction, the United States District Court for the Eastern District of Missouri (or, in the event such court declines to exercise jurisdiction, the courts of the State of Missouri sitting in the city of St. Louis) shall have exclusive jurisdiction of all matters arising out of and related to disputes arising in connection with the interpretation, implementation or enforcement of this Settlement Agreement, and each of the Parties irrevocably (a) submits and consents in advance to the exclusive jurisdiction of that court for the purposes described in this sentence; and (b)waives any objection that such Party may have based upon lack of personal jurisdiction, improper venue or forum non conveniens.

Peabody Settlement Agreement, ¶ 16.8 (emphasis added).

On December 17, 2013, the Order Confirming Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code was entered. On December 18, 2013, an Amended Order Confirming Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (hereinafter "Amended Confirmation Order") was entered.  The Amended Confirmation Order incorporated by reference the Peabody Settlement Agreement and the Peabody Settlement Order. See Amended Confirmation Order, ¶ 34.   The Amended Confirmation Order also provided for retention of jurisdiction by this Court "[t]o hear and resolve any disputes relating to...the Peabody Settlement or the Peabody Settlement Order...".  Amended Confirmation Order, ¶ 84(u).

On September 30, 2014, the last of the First Patriot Bankruptcy Cases were closed by this Court.

On May 12, 2015, Debtors filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of Virginia (hereinafter "Second Patriot Bankruptcy Cases") and these cases are currently pending.  On or about August 18, 2015, in the Second Patriot Bankruptcy Cases, Debtors filed Debtors' Motion for Entry of an Order (A) Authorizing, But Not Directing, The Debtors to Reject Certain Executory Contracts by And Among Certain of The Debtors And Peabody Energy Corporation and Certain of Its Affiliates, Effective *Nunc Pro Tunc* to

The Date of This Motion or to a Later Date Chosen by The Debtors in Their Sole Discretion, And (B) Granting Related Relief (hereinafter "Rejection Motion") in which Debtors seek to reject the Peabody Settlement Agreement.  The Rejection Motion has not yet been ruled upon.

On August 28, 2015, in the First Patriot Bankruptcy Cases, Peabody filed Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Section 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 (hereinafter "Motion to Reopen") in which Peabody seeks to reopen the First Patriot Bankruptcy Cases to allow Peabody to file an adversary complaint to determine, what, if any, ongoing obligations Peabody,  UMWA, UMWA Employees and UMWA Retirees have under the Peabody Settlement Agreement once it is rejected by Debtors in the Second Patriot Bankruptcy Cases (hereinafter "Dispute").

On September 24, 2015, Objection of the United Mine Workers of America to Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 (hereinafter "UMWA's Objection") was filed in which UMWA argues that no grounds to reopen were established, that the claim asserted is a third party dispute over which this Court lacks jurisdiction, there is no actual controversy in that the matter is not ripe, the reopening will interfere with the Second Patriot Bankruptcy Cases, Peabody consented to jurisdiction in the Second Patriot Bankruptcy Cases and the Peabody Settlement Agreement is not executory or may be severed under non-bankruptcy law. UMWA also argues that the Peabody Settlement Agreement does not provide for post-closure jurisdiction. UMWA Objection, ¶34.  UMWA argued at the hearing that the reservation of jurisdiction language in the Peabody Settlement Agreement and Amended Confirmation Order is common and should be overlooked because this matter should be considered by the Bankruptcy Court in Virginia where the Second Patriot Bankruptcy Cases are pending.    On September 24, 2015, Objection of the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund and Joinder to the Objection of the United Mine Workers of America to the Motion of Peabody Energy Corporation to

-5-

Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 (hereinafter "UMWA Funds' Objection") and Memorandum of Law in Support of the Objection of the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund and Joinder to the UMWA Objection to the Motion to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 (hereinafter "UMWA Funds' Memorandum in Support of its Objection") were filed in which the UMWA 1992 Benefit Plan and the UMWA Combined Benefit Fund (hereinafter collectively "UMWA Funds") argue that Peabody cannot be relieved of its obligations under the Coal Act, there is no cause to reopen, the relief sought by Peabody is unavailable, and closing of the First Patriot Bankruptcy Cases limits this Court's jurisdiction.

On September 24, 2015, Debtors' Objection to the Motion of Peabody Energy Corporation to Reopen Bankruptcy Case Pursuant to Sections 105(A) and 350(B) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 (hereinafter "Debtors' Objection") was filed in which Debtors argue that there is no cause to reopen and this Court lack jurisdiction over non-debtor disputes. Debtors also argue that the Peabody Settlement Agreement does not provide jurisdiction after the First Patriot Bankruptcy Cases were closed. Debtors' Objection, ¶15. Debtors further argued against reopening at the hearing based in large part on the fact that the Peabody Settlement Agreement will effect the rights of non-debtor parties that will effect the administration of the Second Patriot Bankruptcy Cases. Thus, Debtors believe that this matter is best left to the judge and court where the Second Patriot Bankruptcy Cases are pending. Debtors further espoused that the Virginia Bankruptcy Court can better handle the Dispute and how it will effect

the current stakeholders.[1]  Finally Debtors argued that the reservation of jurisdiction language in the Peabody Settlement Agreement is limited to applicable law and there is none in this case; and that the reservation of jurisdiction language is not relevant and is not necessary under Section 350(b).

On September 24, 2015, Joinder of the Official Committee of Unsecured Creditors to the Objections of the United Mine Workers of America and the Debtors' [sic] to Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Section 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 was filed in which the Official Committee of Unsecured Creditors in the Second Patriot Bankruptcy Cases (hereinafter "Committee") joins in the UMWA's Objection and Debtors' Objection.

On October 1, 2015, Corrected Consolidated Reply in Support of Peabody Energy Corporation's Motion to Reopen the Debtors' Bankruptcy Case (hereinafter "Peabody's Reply") was filed in which Peabody argues that this Court has jurisdiction over the Dispute, that cause does exist to reopen, that this Court is the appropriate Court to adjudicate the dispute, that this Court is the only Court with jurisdiction over the Dispute and resolving this Dispute will not burden the administration of the Second Patriot Bankruptcy Cases.  Peabody also argued in Peabody's Reply and at the hearing that the Peabody Settlement Agreement cannot be assumed because Debtors are obligated for $4.8 million of drawn credit support.

## JURISDICTION

---

[1]  The Court must note that  Debtors discussed the complex nature of the Second Patriot Bankruptcy Cases, the many objections to confirmation and that Debtors need to be a part of this  Dispute between UMWA and Peabody if the VEBA is not going to be funded and UMWA discussed the complex settlements, how to allocate the limited funds in the Second Patriot Bankruptcy Cases, and negotiations with 2 or 3 potential purchasers; however, it appears that with all of these negotiations, settlements and complex matters going on, Peabody has not been considered part of this.  It appears as though Debtors and UMWA wish to have discussions with other parties except Peabody, and it is expected that Peabody should keep performing under the Peabody Settlement Agreement, while other interested parties are negotiating and settling with Debtors and UMWA.  Thus, it appears that Peabody's only recourse was to return to this Court to determine its rights under the Peabody Settlement Agreement.

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2012) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b) (2012). Venue is proper in this District under 28 U.S.C. § 1409(a) (2012).

## CONCLUSIONS OF LAW

The Court must determine whether to reopen the First Patriot Bankruptcy Cases to allow Peabody to file an adversary complaint to resolve the Dispute between Peabody and UMWA. The Court rules as follows. In light of UMWA Funds and Committee joining in UMWA's Objection and Debtors' Objection, the Court will focus on UMWA's Objection and arguments and Debtors' Objection and arguments.

The Motion to Reopen is brought pursuant to Section 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure. Section 350(b) states:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b) (2012).

Rule 5010 states:

> A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code.

Fed. R. Bankr. P. 5010 (2012)

Bankruptcy courts have discretion on whether or not to reopen a case. "[I]t is within the bankruptcy court's discretion to base its decision to reopen on the particular circumstances and equities of each particular case." *In re Apex Oil Company*, Inc., 406 F.3d 538, 542 (8th Cir. 2005). "A decision to reopen a case for 'other cause' lies within the discretion of bankruptcy court." *In re Security Services, Inc.*, 203 B.R. 708, 710 (Bankr. W.D. Mo. 1996) citing *In the Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991). There is further instruction that "the bankruptcy judge has broad discretion to weigh the equitable factors in each case." *Id.* at 710.

-8-

A court retains jurisdiction to enforce its own orders and this includes bankruptcy courts that  retain jurisdiction to enforce their order.  "It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders."  *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (citations omitted).  And this jurisdiction is core.  "[T]he enforcement of orders resulting from core proceedings are considered core proceedings.  *Id.*  "Resolution of the dispute requires reference back to prior orders of this Court rendered in core proceedings."  *In re Amereco Environmental Services, Inc.*, 138 B.R. 590, 593 (Bankr. W.D. Mo. 1992).  Bankruptcy courts have continuing jurisdiction to enforce its orders.  "Bankruptcy Court plainly has jurisdiction to interpret and enforce its own prior orders." *Travelers Indemnity v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, (2009).  See *Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).  "Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the policies underlying the Code are to be effectively implemented.  *Williams* at 892 citing In re *Franklin*, 802 F.2d 324, 326 (9th Cir. 1986).

UMWA argued against reopening this case at the hearing indicating that the issue involves rights of non-debtors under a contract, not a court order, that are closely intertwined with events in the Debtors' Second Bankruptcy Case.  However, this is not the case here.  The Dispute involves the interpretation of Court Orders, the Peabody Settlement Order and the Amended Confirmation Order.  A court that entered an order clearly has jurisdiction to and is best suited to interpret and enforce its own orders.

The Peabody Settlement, as well as the Amended Confirmation Order, contain jurisdictional retention language which is tantamount to forum selection, that specifies that this Court has jurisdiction even after the close of the First Patriot Bankruptcy Cases.  "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  *Union Electric Company v. Energy Insurance Mutual*

*Limited*, 689 F.3d 968, 973 (8th Cir. 2012) (cites omitted). There are no allegations that the forum selection clause in the Peabody Settlement Agreement was procured by fraud or is overreaching or unreasonable.  The Eighth Circuit goes on to instruct that "[w]here, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain."  *Id.* at 973-974 citing *Servewell*, 439 F.3d at 789 (quoting *Bremen*, 407 U.S. at 17, 92 S.Ct. 1907).  Here there is no doubt that the Peabody Settlement Agreement, including the forum selection language, was the result of arm's-length and hard fought negotiations during the First Patriot Bankruptcy Cases.  Debtors and UMWA argue that the forum selection language in the Peabody Settlement Agreement is superfluous and meaningless.  And this argument is made although they want other language in the Peabody Settlement Agreement, namely the language that requires Peabody to continue to fund the VEBA, to be given its full meaning.  The interpretation of a court order approving a settlement agreement, that contains a forum selection clause belongs with the court that approved the settlement agreement which is also the forum court in the forum selection clause. Thus there is no basis to now invalidate that language.

Debtors and UMWA also raise the issue of ripeness.  "A plaintiff does not have to 'await consummation of threatened injury' before bringing a declaratory judgment action." *South Dakota Mining Association, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998) citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed. 2d 895 (1979).  "A declaratory judgment action can be sustained if no injury has yet occurred."  *Public Water Supply District No. 8 of Clay County, Missouri v. City of Kearney, Missouri*, 401 F.3d 930, 932 (8th Cir. 2005) citing *County of Mille Lace v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004).  "Before a claim is ripe for adjudication, however, the plaintiff must face an injury that is 'certainly impending.'"  *Id.* at 932 citing *Pennsylvania v. West Virginia*, 262 U.S. 553, 593, 43, S.Ct. 658, 67 L.Ed. 1117 (1923); *South Dakota Mining Association, Inc. v. Lawrence County*, 155 F.3d 1005, 1008 (8th Cir. 1998).

-10-

There can be no doubt that the Peabody Settlement Agreement will be rejected. Debtors in the Second Patriot Bankruptcy Cases have filed the Motion to Reject seeking to reject the Peabody Settlement Agreement, which has been continued to a future date, after confirmation, which is scheduled for this week. It seems highly unlikely that the Motion to Reject will be withdrawn nor that Debtors will formulate some way to assume the Peabody Settlement Agreement. Under the Peabody Settlement Agreement, Peabody is providing credit support of which $4.8 million has already been drawn. There is no suggestion that the $4.8 million draw will be repaid by Debtors or another party, therefore, assumption and assignment will not happen. Thus the remaining Dispute between Peabody and UMWA is ripe.

This Court has discretion based on the circumstances of the case to determine whether or not to reopen the case. This Court has jurisdiction to enforce its own Orders. The Dispute that is sought to be adjudicated is ripe. Thus based on the Court's discretion, this case will be reopened for the limited purpose of allowing Peabody to file its adversary proceeding seeking interpretation of the Peabody Settlement Order on Peabody and UMWA in light of Debtors inability to continue under the terms of the Peabody Settlement Agreement. Therefore,

**IT IS ORDERED THAT** the Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010, Objection of the United Mine Workers of America to Motion of Peabody Energy Corporation to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010 is **GRANTED**; and this case is hereby reopened to permit Peabody to file its Adversary Complaint; and

-11-

**IT IS FURTHER ORDERED THAT** Peabody has **(30) thirty days** from the date of this

Order to file its Adversary Complaint.

_Kathy A. Surratt - States_
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED:  October 9, 2015
St. Louis, Missouri
jjh


Copies to:

All Creditors and Parties in Interest.

-12-